ROBERT P. SMITH, Jr., Judge.
Hipke complains of Parole and Probation Commission action fixing his tentative release date. Fla.Admin.Code Chapter 23-19. When Hipke was sentenced in 1972, Section 921.161(1), Florida Statutes (1971), permitted but did not require the sentencing judge to allow explicit credit for jail time served before sentence. See Heilmann v. State, 310 So.2d 376 (Fla. 2d DCA 1975). For stronger reasons it follows that the Parole and Probation Commission, having no sentencing authority, may not now be compelled to give retrospective credit for jail time served before Hipke was sentenced. No error is shown in the Commission’s consideration, during assessment of Hipke’s past criminal record, of an offense committed in another country. The inmate’s entire “past criminal record” is pertinent in the Commission’s assessment of the inmate’s recidivist tendencies. See Section 947.002(2), Florida Statutes (1979). Nor did the Commission err, when considering aggravating circumstances bearing on Hipke’s tentative release date, in giving due weight to the same circumstances which influenced the sentencing court to impose a consecutive sentence. The court’s sentence fixes a maximum term to be served; the Commission’s process tentatively fixes the actual time to be served, within the limit thus established by the court. The court and Commission have thus considered the same aggravating circumstances for complementary purposes, and no showing is made that that is not as it should be. The petition is
DENIED.
ERVIN and BOOTH, JJ., concur.