410 So.2d 1354 (1982)
Hector LOPEZ, Appellant,
v.
FLORIDA PAROLE AND PROBATION COMMISSION, Appellee.
No. AF-37.
District Court of Appeal of Florida, First District.
February 23, 1982.
Steven M. Malone of Patterson & Traynham, Tallahassee, for appellant.
Malcolm S. Greenfield, Gen. Counsel, Tallahassee, for appellee.
PER CURIAM.
Lopez challenged Rule 23-19.05 F.A.C. in a proceeding under § 120.56 Fla. Stat. (1979). The challenge was denied. We affirm.
Lopez was convicted of second degree murder in 1977. At that time parole consideration was in the discretion of the Parole and Probation Commission, § 947.16 Fla. Stat. (1977). Pursuant to § 947.165 Fla. Stat. (1979) the Commission enacted objective parole guidelines effective 20 March 1979. Under these guidelines a prisoner convicted of second degree murder with Lopez's low offender characteristic would have been considered for parole under a matrix time of 18-33 months. Effective 25 June 1979 the Commission amended the rule so that the matrix time applicable to Lopez was 60-84 months. Lopez was interviewed for parole consideration on 19 July 1979, and his presumptive parole release date was set for 1 May 1984, applying the June rules. Lopez now challenges the amendment of Rule 23-19.05 F.A.C., contending that the March rules should have been used.
Lopez makes two arguments which require discussion. First, he argues that the Commission exceeded its authority by not complying with § 947.165 Fla. Stat. (1979) in not assembling statistical data to determine the need for change or the appropriate changes to make. Second he argues that increasing the matrix times is unconstitutional as a violation of the ex post facto clause.
The Commission relied on its collective experience in the area of parole release dates when it enacted the June amendments. Several months use of the March rules had convinced the Commissioners that the original times were too low. Section *1355 947.165(2) Fla. Stat. (1979) provides that "the Commission shall... make any revisions considered necessary by virtue of experience." This is exactly what the Commission did in this case and is clearly within the legislative guidelines. The section goes on to direct the Department of Corrections to provide necessary data to the Commission for rule revision. This, by its plain language allows but does not require the obtaining of data before revisions.
Lopez contends that the alteration of the matrix times is a change in the law which increases the punishment for his crime and this is illegal, Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). Under the facts of our case we are convinced that Lopez's punishment is not increased by the amendment of the PPRD guidelines. At the time of Lopez's crime, the only expectation that Lopez had regarding parole was that it would be at the discretion of the Commission. The adoption and amendment of objective guidelines is a procedural change which, if anything, is ameliorative, cf. Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977).
AFFIRMED.
MILLS and WENTWORTH, JJ., and OWEN, WILLIAM C., Jr. (Ret.), Associate Judge, concur.