418 So.2d 321 (1982)
Joel B. OVERFIELD, Appellant,
v.
FLORIDA PAROLE AND PROBATION COMMISSION, Appellee.
No. AK-5.
District Court of Appeal of Florida, First District.
July 29, 1982.
Rehearing Denied September 1, 1982.
Thomas D. Treece, of Bartlett, Treece & Peper, P.A., Jacksonville, for appellant.
Malcolm S. Greenfield, Gen. Counsel, Tallahassee, for appellee.
ROBERT P. SMITH, Jr., Chief Judge.
Overfield contends the Commission violated state and federal constitutional proscriptions against ex post facto laws by applying to him a matrix time range for parole release set by the rule in effect at the time of setting his presumptive parole release date rather than by the rule in effect when his crime occurred. We affirm.
Without extended discussion of whether amendments to the matrix rule constitute procedural changes not subject to ex post facto considerations, or are substantive changes, we cannot agree that such amendments necessarily increase punishment and are, therefore, illegal. The matrix time range does not automatically determine time served, and the Commission in its discretion may aggravate or mitigate the matrix time, setting a release date above or below the matrix, so long as it states its reasons with particularity. Secs. 947.172(2), .165(1), Fla. Stat. (1981). See also Lopez v. Florida Parole and Probation Commission, 410 So.2d 1354 (Fla. 1st DCA 1982). This process is to be contrasted with that addressed in Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981), where statutory changes in gain-time credits automatically reduced, without discretionary decision-making, the time to be served.
The Commission's order establishing Overfield's presumptive parole release date is accordingly AFFIRMED.
LARRY G. SMITH and WENTWORTH, JJ., concur.