417 So.2d 1079 (1982)
Ronald BRITT, Appellant,
v.
FLORIDA PAROLE & PROBATION COMMISSION, Appellee.
No. AK-228.
District Court of Appeal of Florida, First District.
August 5, 1982.
Rehearing Denied August 30, 1982.
Ronald Britt, pro se.
Malcolm S. Greenfield, Gen. Counsel, Florida Parole and Probation Commission, Tallahassee, for appellee.
PER CURIAM.
Britt contends the commission violated state and federal constitutional proscriptions against ex post facto laws by applying a matrix time range for his parole release under the rule in effect at the time his presumptive parole release date was set rather than the rule in effect when he committed his crime. We affirm.
In Lopez v. Florida Parole and Probation Commission, 410 So.2d 1354 (Fla. 1st DCA 1982), the appellant had been convicted and was incarcerated at the time the first objective parole guidelines became effective, but was not interviewed until after *1080 the first amendments to the guidelines which increased the matrix time range for Lopez's crime. We held that under those circumstances there was no ex post facto violation in applying the amended guidelines. The circumstances now presented do not require a holding contrary to Lopez.
The objective parole guidelines are the administrative agency's response to the legislative restraints on the commission's discretion in setting parole under the statutory standard, i.e., when there exists a reasonable probability for law abiding conduct compatible with the welfare of society and the parolee. § 947.165 and § 947.18, Florida Statutes (1979). Section 947.165(2) requires the commission to review its procedures periodically and make any revisions considered necessary "by virtue of experience" in order to achieve the statutory purposes. Thus, the procedure in effect when a presumptive parole release date is set is required to reflect continuing experience in accomplishing the stated objectives. The statute therefore clearly does not contemplate that such rules shall be fixed from the time a prisoner's crime was committed. See Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). The decision in Lopez is accordingly consistent with the terms of § 947.165(2) in emphasizing the procedural nature of the objective parole guidelines as opposed to the fixed statutory prescription scrutinized in Weaver. Changes in such procedural guidelines have not ordinarily been constrained by the ex post facto clause. Cf., Overfield v. Florida Parole and Probation Commission, 418 So.2d 321 (Fla. 1st DCA, 1982).
Accordingly, appellant's presumptive parole release date is affirmed.
ROBERT P. SMITH, Jr., C.J., and LARRY G. SMITH and WENTWORTH, JJ., concur.