WIGGINTON, Judge.
Collins appeals from the Florida Parole and Probation Commission’s establishment of his presumptive parole release date. He argues the commission erred in its designation of his present offense of conviction. We affirm.
In 1964, Collins was sentenced to life for murder in the first degree. He was initially released on parole in December, 1970, which parole was revoked in February, 1974. Collins was again paroled in 1978. In 1979, however, he was convicted in North Carolina on three separate counts of assault, receiving suspended sentences in two instances and serving nine days in the third. Consequently, he was returned to Florida in May, 1980, and his parole was revoked.
Collins was interviewed on May 13, 1981, and a PPRD was set for October 18, 1994. As his present offense of conviction, the *953 commission utilized the murder conviction. Although it considered the circumstances of his present parole violation, i.e., the assault convictions, the commission did not use those circumstances for aggravation purposes.
Collins argues that the commission was required to consider the North Carolina convictions as his present offense of conviction. Rules 23-19.02(2)(a) and (b), Florida Administrative Code, cited by Collins and followed by the commission, do not support Collins’ position. Those rules provide:
Persons whose parole is revoked after conviction for a new felony [or misdemeanor] offense, and who are committed to the Department of Corrections will be considered under these guidelines as a new admission. The Commission will consider the person’s previous convictions in computing the risk level of the inmate. The Commission will recalculate the guidelines matrix based on the new offense of conviction and using a new salient factor score, (emphasis added)
The problem here is simply that Collins’ new offenses, for which his parole was revoked, did not result in his commitment to the Department of Corrections. Rather, his murder conviction, from which he was on parole, necessitated his return to the department’s control. The commission therefore had no other choice than to treat Collins as a “new admission” on that basis and recalculate his PPRD utilizing the murder conviction as his present offense of conviction.
Collins’ ex post facto challenge is without merit. Lopez v. FPPC, 410 So.2d 1354 (Fla. 1st DCA 1982).
The commission’s action is affirmed.
MILLS and ERVIN, JJ., concur.