PER CURIAM.
Appellants, inmates housed at Polk Correctional Institution, appeal the dismissal of their § 120.56, Fla.Stat. (1981), action challenging the Florida Parole and Probation Commission’s rules which became effective on September 10, 1981. We affirm the *954 order[1] of the Department of Administration’s hearing officer.
However, one issue raised warrants discussion. Appellants claim that the Commission provided inadequate notice of the proposed rules to the class of persons to whom the intended action was directed. See § 120.54(l)(a), Fla.Stat. (1981). The record reveals that copies of the first set of proposed rules were sent to over 300 governmental entities which work in criminal law, including the superintendents of each of the correctional institutions. Thereafter, five workshops were conducted throughout the state, notices of which were published in the Florida Administrative Weekly. The second set of proposed rules was drafted in large part in response to the information derived from the workshops. Notice of the proposed rulemaking, was published in the Florida Administrative Weekly and in five newspapers of broad circulation. A hearing was requested and conducted on the date, at the time, and in the place designated in the notice. Copies of the proposed rules were sent to all persons who requested them from the Commission, pursuant to the notice. Inmates from other correctional institutions sought and received copies of the proposed rules prior to their adoption.
However, appellants contend that Polk Correctional Institution does not receive the Florida Administrative Weekly and does not subscribe to any of the newspapers in which the notice was published. They argue that § 120.54 requires the Commission to post notice in the correctional institutions, as § 120.54(l)(a)3 requires of educational units. The applicable statement in the statute is:
The agency shall also give such notice as is prescribed by rule to those particular classes of persons to whom the intended action is directed.
The hearing officer found that the Commission does not have rules governing how notice is to be given to inmates, who are indeed the particular class of persons to whom the action at issue is directed, and that the notice given exceeded statutory requirements.
The record shows that inmates at Polk Correctional Institution, including Adams, had notice in fact of the proposed rules and, had they exercised proper diligence, could have obtained notice of each of the proceedings and copies of the proposed rules.[2] Under these circumstances, we agree with the hearing officer’s finding that, absent a rule prescribing more, the notice provided by the Commission went beyond the requirements of § 120.54. However, our opinion should not be construed as approving the Commission’s failure to adopt a rule which provides for notice to the affected class of persons, pursuant to § 120.54(l)(a).[3]
The order appealed is affirmed.
MILLS,v ERVIN and WIGGINTON, JJ., concur.

. See Douglas L. Adams, Daniel P. Hull, Seimore Keith, Ronnie McKane v. Florida Parole and Probation Commission, 4 FALR 219-A (Case No. 81-2498R, final order of the Division of Administrative Hearings, February 8, 1982).

. The Commission maintains a mailing list of people who have requested notification of proposed rule changes.

. For example, the Department of Corrections has an excellent rule which accomplishes the purpose of notice. Fla.Admin.Code Rule 33-12.01(3)(d) requires:
(3) Notice to those directly affected by a proposed rule shall be by ... (d) posting by memorandum notice of the intended action on the inmate and personnel bulletin boards of all major institutions, road prisons, community correctional centers, community vocational centers and offices throughout the state directing that complete proposed rules are available in each institutional library or office. A copy of the notice shall be circulated among the inmates in all disciplinary, administrative, or close management confinement areas of all facilities.