423 So.2d 450 (1982)
James Edward JORDAN, Appellant,
v.
FLORIDA PAROLE AND PROBATION COMMISSION, Appellee.
No. AL-64.
District Court of Appeal of Florida, First District.
December 1, 1982.
Rehearing Denied January 4, 1983.
James Edward Jordan, pro se, appellant.
Malcolm S. Greenfield, Gen. Counsel, Florida Parole and Probation Com'n, Tallahassee, for appellee.
WIGGINTON, Judge.
Jordan, a prisoner at Cross City Correctional Institution, appeals from the commission's determination of his presumptive parole release date. We agree with Jordan that the commission erred in aggregating certain offenses by invoking Fla. Admin. Code Rule 23-21.11.
In 1972, Jordan was convicted of robbery and auto theft and was sentenced to five years in prison. He was paroled in 1974. In 1975, while on parole, he was convicted of another robbery and was sentenced to 30 years. In 1981, he was again paroled. Within a week, Jordan was arrested for a traffic violation and for possession of a small amount of marijuana and paraphernalia. He was convicted and sentenced with fines but no jail time.
Of course, Jordan's latest parole was revoked, and a new presumptive parole release date was set. The commission assigned 140 months to his 1972 robbery, and 140 months on the 1975 robbery. These two values were then added to determine the number of months of incarceration to be served before parole. The commission asserts that this procedure was proper because Rule 23-21.11(3)(b) requires "aggregation" *451 when a prisoner "is currently serving a commitment which was imposed before his prior commitment expired." The commission contends that because the second robbery sentence was imposed before the first robbery sentence expired, then these two commitments should be scored and aggregated now.
However, from our view of the record, it appears that Jordan is serving only one commitment, for the second robbery. The five year sentence imposed in 1972 has expired. Further, Jordan's most recent convictions did not result in a jail sentence, so they cannot be plotted on the commission's matrices; that is, there simply is no present commitment that could be used to invoke Rule 23-21.11. Therefore, we must reverse the commission's action in aggregating Jordan's offenses.
However, the commission did not violate the ex post facto clause in applying the new, harsher matrix time ranges here, even though Jordan committed the robbery long before the new rules went into effect. Britt v. Florida Parole and Probation Commission, 417 So.2d 1079 (Fla. 1st DCA 1982); Overfield v. Florida Parole and Probation Commission, 418 So.2d 321 (Fla. 1st DCA 1982).
Accordingly, this cause is affirmed in part, reversed in part, and remanded with instructions that the commission set a new presumptive parole release date for Jordan by striking 140 months from his period of incarceration before parole.
MILLS and ERVIN, JJ., concur.