THOMPSON, Judge.
This is an appeal from a final order of the Florida Parole and Probation Commission (Commission) finding no cause to change the prior Commission action establishing appellant's presumptive parole release date (PPRD). The appellant contends, inter alia, that the Commission erred in assessing a salient factor point for a prior gambling conviction because he had never been convicted of gambling. For the reasons below, we remand to the Commission for a determination of whether the appellant has a prior gambling conviction. We find no merit in appellant’s remaining arguments.
Based on information in a post sentence investigation report that the appellant had been convicted of the charge of gambling, the Commission assessed a salient factor point for that conviction. The appellant contends that he had no prior conviction for gambling and that the gambling conviction relied upon by the Commission was of another person with a similar name. In support of this contention, appellant attaches an exhibit to his reply brief reflecting a gambling conviction of one Reuben James Rolle. The Commission contends that the appellant never raised this issue before it on review and cannot raise it for the first time on appeal. In reply, appellant states that he could not have raised the issue of the gambling conviction before the Commission because he did not learn that the Commission was relying upon this conviction until the Commission issued its order after reviewing his case. The appellant further says he had no way of learning that the Commission was relying on the alleged gambling conviction since that information was contained in a post sentence investigation report in the Department of Corrections’ files to which he had no access. See § 945.10(2), Fla.Stat.
Normally the Commission is entitled to rely on post sentence investigation reports to establish prior convictions. See Bradbury v. Florida Parole & Probation Commission, 420 So.2d 901 (Fla. 1st DCA 1982); Jones v. Florida Parole & Probation Commission, 413 So.2d 861 (Fla. 1st DCA 1982). However, an inmate’s PPRD should not be determined on an erroneous report. We cannot determine from the record in this case whether the appellant had a prior gambling conviction or whether the post sentence investigation report is in error and a person with a similar name was convicted of gambling. Since the appellant apparently had no knowledge that the Commission would consider the gambling charge in determining his salient factor score and had no opportunity to object to its use, the order of the Commission finding no cause to change prior Commission action is reversed. This cause is remanded to the Commission for further review and determination of whether the appellant had a prior gambling conviction and, if not, it shall correct his salient factor score and PPRD.
We find no reversible error in the Commission’s failure to conduct an initial interview of the appellant within six months after his initial date of confinement in execution of his judgment because he was sentenced to more than five years. Since the appellant was sentenced to a total term of 5 years and 58 days, § 947.16(1), Fla.Stat. requires that he be given an initial interview within one year of his initial confinement in execution of the judgment. It was therefore proper for appellant’s initial interview to be conducted within one year after his initial date of confinement rather than within six months of his initial date of confinement. Section 947.16(1), Fla.Stat. only requires an initial interview within six months of an initial confinement in execution of judgment when the sentence is for an indeterminate term or for a term of five years, or less.
Appellant further contends that had he been interviewed within six months, the parole guidelines in effect at that time would have been applied and he would have received an earlier PPRD. The Commission applied the guidelines in effect at the time of appellant’s timely initial interview rather *1084 than the guidelines in effect the date the crime was committed or during the six months after his confinement. This contention that this is an ex post facto application of the law is without merit. This court has consistently held, beginning with Lopez v. Florida Parole & Probation Commission, 410 So.2d 1354 (Fla. 1st DCA 1982) that the Commission can properly apply the guidelines in effect at the time of a timely initial interview regardless of whether they were in effect at the time of the commission of the crime and that the use of such revised guidelines does not result in an ex post facto application of the law. See also Overfield v. Florida Parole & Probation Commission, 418 So.2d 321 (Fla. 1st DCA 1982); Britt v. Florida Parole & Probation Commission, 417 So.2d 1079 (Fla. 1st DCA 1982).
Appellant’s remaining argument that the Commission erred in aggravating for a concurrent narcotics conviction is without merit. This conviction was not used in establishing his salient factor score and is a proper aggravating factor. See Sala v. Florida Parole & Probation Commission, 414 So.2d 263 (Fla. 1st DCA 1982); Perkins v. Florida Parole & Probation Commission, 414 So.2d 264 (Fla. 1st DCA 1982).
Reversed and remanded for proceedings consistent with this opinion.
ROBERT P. SMITH, Jr., C.J., and LARRY G. SMITH, JJ., concur.