WIGGINTON, Judge.
Woulard appeals from an order of the Florida Parole and Probation Commission (FPPC) establishing a presumptive parole release date (PPRD). He raises two issues: (1) whether the PPRD so established violates ex post facto considerations by setting a date in accordance with parole guidelines adopted subsequent to the date of the offense, and (2) whether the FPPC violated the due process clause of the Florida and United States constitutions by not giving him prior notice of the guidelines before they were adopted. We affirm the commission’s order.
This Court has previously rejected appellant’s initial contention and approved such a procedure for establishing a PPRD. See Overfield v. Florida Parole and Probation Commission, 418 So.2d 321 (Fla. 1st DCA 1982) and May v. Florida Parole and Probation Commission, 424 So.2d 122 [8 FLW 73] (Fla. 1st DCA 1982).
Woulard is also in error as to the second issue he raises. It appears there is no general constitutional right to notice of a rule change. See Hunter v. Florida Parole and Probation Commission, 674 F.2d 847, 848 (11th Cir.1982); Staton v. Wainwright, 665 F.2d 686, 688 (5th Cir.1982), cert. denied, 456 U.S. 909, 102 S.Ct. 1757, 72 L.Ed.2d 166 (1982). Moreover, there has been no violation of the notice requirements of Section 120.54(l)(a), Florida Statutes (1981). See Adams, et al. v. Florida Parole and Probation Commission, 422 So.2d 953 (Fla. 1st DCA 1982).
AFFIRMED.
MILLS, J., concurs.
ERVIN, J., concurs in part and dissents in part with written opinion.