ERVIN, Judge,
concurring and dissenting.
I agree with the majority that the circumstances of this case do not violate due process protections as they relate to the failure to give Woulard notice of the proposed rule change. I would, however, reverse the presumptive parole release date (PPRD), because, in my judgment, the Commission’s reliance on guidelines adopted after the date of the crime in setting the PPRD is contrary to the constitutional proscription against ex post facto laws. Without belaboring the point, I would adopt the well-reasoned dissent of my Brother Shivers in May v. Florida Parole & Probation Commission, 424 So.2d 122 (Fla. 1st DCA 1982). Judge Shivers’ dissent relied primarily upon the opinions of Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981), and of Welsh v. Mizell, 668 F.2d 328 (7th Cir.1982), cert. denied,-U.S.-, 103 S.Ct. 235,74 L.Ed.2d 186 (1982). I would add as further support for my position the cases of Marshall v. Garrison, 659 F.2d 440, 445 (4th Cir.1981), and Geraghty v. U.S. Parole Commission, 579 F.2d 238, 266 (3d Cir.1978), vacated and remanded on other grounds, 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980). I consider those four cases form the view that parole guidelines are subject to ex post facto prohibitions. Like Judge Shivers, I would therefore recede from pri- or opinions of this court holding that a change in the matrix rule is not subject to ex post facto considerations, specifically, Overfield v. Florida Parole & Probation Commission, 418 So.2d 321 (Fla. 1st DCA 1982); Britt v. Florida Parole and Probation Commission, 417 So.2d 1079 (Fla. 1st DCA 1982), and Hurst v. Florida Parole and Probation Commission, 418 So.2d 444 (Fla. 1st DCA 1982). At the very minimum, I think the question before us is one that deserves to be certified to the Florida Supreme Court as passing upon a question of great public importance, as was done by the majority in May.