WIGGINTON, Judge.
Davis seeks our review of an order of the Florida Parole and Probation Commission establishing a presumptive parole release date (PPRD). We find no reversible error and affirm the order.
We have held that a PPRD set in accordance with parole guidelines adopted subsequent to the date of the offense does not violate the prohibition against ex post facto laws. Overfield v. Florida Parole and Probation Commission, 418 So.2d 321 (Fla. 1st DCA 1982) and May v. Florida Parole and Probation Commission, 424 So.2d 122 (Fla. 1st DCA 1982).
The commission’s method of fixing Davis’ PPRD does not violate double jeopardy proscriptions. In arriving at the date for tentative release, consideration may be given the trial court’s sentence as well as the same aggravating circumstances that were reviewed and utilized in the sentencing so long as Davis’ release is within the maximum time of his sentence. The court and commission have thus considered the same aggravating circumstances for complementary purposes, and no showing is made that that is not as it should be. See Hipke v. Florida Parole and Probation Commission, 380 So.2d 494 (Fla. 1st DCA 1980). As *145 noted in Nunley v. U.S. Board of Pardons, 439 F.Supp. 887, 890 (W.D.Okl.1966), the “doctrine of double jeopardy has strict application to criminal prosecutions only.... It does not apply to other judicial proceedings.”
AFFIRMED.
MILLS, J., concurs.
ERVIN, J., dissents with opinion.