MILLS, Judge.
Farber appeals Commission action establishing his presumptive parole release date (PPRD). We affirm, but remand for correction of a clerical error.
Farber’s PPRD was calculated with aggravations for “use of a firearm as reflected in the PSI [post-sentence investigative report]” and for “assaulted victim by striking her in the eye with his fist — PSI.”
Farber contends he neither had a firearm nor struck the victim. He characterizes his weapon as a starter pistol and argues that this is not a firearm for PPRD purposes. He describes the striking as “fear prompted her to grab the steering wheel and bury her head in the center section of the steering column.”
Farber launches a broad attack upon the use of and reliability of the PSI. The Commission’s over-reliance on the PSI has and will cause litigation concerning its reliability, see Rolle v. Florida Parole and Probation Commission, 426 So.2d 1082 (Fla. 1st DCA 1983); James v. Florida Parole and Probation Commission, 395 So.2d 197 (Fla. 1st DCA 1981). We would be more comfortable with a system that is not based on hearsay, but the Commission’s action in this case is supported by the record.
The information to which Farber pled guilty following a plea bargain charged possession of a firearm. The Commission may rely on the charging documents for the circumstances of the prisoner’s crime, see Battis v. Florida Parole and Probation Commission, 386 So.2d 295 (Fla. 1st DCA 1980). There is only Farber’s unsubstantiated statement that the weapon was a starter pistol. We therefore hold that the Commission’s determination that a firearm was present is supported by the record and do not reach the characterization of starter pistols as firearms.
Similarly, there is only Farber’s unsubstantiated and somewhat unlikely de-seription of events to contradict the finding that the victim was struck. Under these circumstances, when the prisoner has not come forward with any evidence casting doubt upon the PSI’s information, the Commission may rely on the PSI. Compare Rolle, supra. We do not disagree with the dissenting opinion; we merely do not reach those issues under these facts.
The Commission action form failed to include a salient factor score and an offense severity rating. It is apparent that the Commission was using these numbers as assessed by the hearing examiner. The omission of them appears to be a purely clerical error which we remand for correction.
AFFIRMED.
WIGGINTON, J., concurs.
ERVIN, J., dissents with opinion.