PER CURIAM.
Lott argues that the commission established his presumptive parole release date (PPRD) by using improperly the aggregation method provided in Rule 23-19.02(2)(g), Florida Administrative Code. We find that the commission erred in applying its rules in this case and remand for redetermination of an appropriate PPRD under the rules in effect in May 1981, when Lott’s release date should have been set.
In calculating appellant’s PPRD, the commission aggregated time required for his 1978 convictions of burglary, petit theft and petit larceny (Case No. 78-152) with time required for 1981 convictions of possession of marijuana and introduction of contraband into a state prison. In our view of the record, the 30-month sentence imposed in Case No. 78-152 had expired before the 1981 convictions and sentencing, so the Case No. 78-152 crimes could not be considered for aggregation purposes. Rule 23-19.-02(2)(g), Fla.Admin.Code; Jones v. Florida Parole and Probation Commission, 413 So.2d 861 (Fla. 1st DCA 1982); Jordan v. Florida Parole and Probation Commission, 423 So.2d 450 (Fla. 1st DCA 1982).
In addition, since the 1981 convictions resulted in sentences of time already served, they did not result in commitments that could be considered present offenses for aggregation purposes. Rules 23-19.-01(7), .02(2)(g), Fla.Admin.Code; Jordan, supra. Accordingly, the commission is directed to treat as Lott’s present offenses only those crimes carrying sentences that had not yet expired.
Other errors urged by appellant are either moot or inconsequential.
Affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
ROBERT P. SMITH, Jr., C.J., and LARRY G. SMITH and THOMPSON, JJ., concur.