WENTWORTH, Judge.
Appellant seeks review of a presumptive parole release date determination which we *648 find to be without error except insofar as an improper “offense of commitment” was utilized; the Commission has conceded error in this regard.
Appellant also contends that the Commission erred by utilizing current parole guidelines which were not in effect at the time appellant committed his offense. This court has previously held that such use of current guidelines is not an impermissible ex post facto application of law. See e.g., Britt v. Florida Parole & Probation Commission, 417 So.2d 1079 (Fla. 1st DCA 1982); Lopez v. Florida Parole & Probation Commission, 410 So.2d 1354 (Fla. 1st DCA 1982); also see May v. Florida Parole & Probation Commission, 424 So.2d 122 (Fla. 1st DCA 1982). In the present case appellant’s presumptive parole release date was initially determined in accordance with then-current guidelines which have since been amended. Appellant thereafter escaped from confinement, and upon reconfinement appellant’s previous presumptive parole release date was vacated and a new presumptive parole release date was determined in accordance with the amended guidelines. Insofar as this is essentially a de novo presumptive parole release date determination the rationale of Britt and Lopez applies, and the Commission did. not err by using current amended guidelines.
In accordance with the Commission’s concession of error as to the use of an improper “offense of commitment,” the order appealed is reversed and the cause remanded for a proper determination of appellant’s presumptive parole release date.
ERVIN and NIMMONS, JJ., concur.