EN BANC.
This is an original action for a writ of habeas corpus directing the Parole and Probation Commission to reduce petitioner’s Presumptive Parole Release Date. Lobo was convicted of conspiracy to traffic in cocaine. The Parole and Probation Commission calculated his Presumptive Parole Release Date (PPRD). Lobo sought timely administrative review which was denied. Lobo then filed an original petition in this court requesting review on grounds that the Commission erroneously computed his PPRD on the basis that he was convicted of a second degree felony, that the Commission failed to consider the disparity of sentence between him and his co-defendants, and that the Commission erroneously applied the parole guidelines currently in effect rather than those in effect as of the time of commission of the offense.
The respondent asserts that the petitioner should have styled this cause as one of mandamus, not habeas corpus, because he requests an order requiring the Commission to act. Hardy v. Greadington, 405 So.2d 768 (Fla. 5th DCA 1981). We agree. However, under the appellate rules such a mistake is not fatal and we are obligated to treat the petition as one for mandamus. Hardy; Taylor v. Wainwright, 418 So.2d 1095 (Fla. 5th DCA 1982); Fla.R.App.P. 9.040(c).
We do not believe petitioner’s first two points have merit. Petitioner was convicted of conspiracy to traffic in cocaine. Trafficking in cocaine is a first degree felony. § 893.135(l)(b), Fla.Stat. (1981). Conspiracy to commit a first degree felony is a second degree felony. § 777.04(4)(b), Fla. Stat. (1981). Thus, the Commission correctly calculated the offense severity as one of second degree felony. Petitioner also claims that the Commission should have considered the sentences imposed upon his co-defendants as a mitigating factor in the determination of his PPRD. The Commission, upon review of the calculation of the PPRD, considered this factor and ruled that it was not strong enough. Such a decision is a discretional^ one, and this court cannot substitute its judgment for that of the agency unless the decision is outside of the range of discretion given to the agency, is inconsistent with other agency policy, or is in violation of a constitutional or statutory provision. § 120.68(12), Fla.Stat. (1981).
Petitioner also claims that the application to him of more stringent parole guidelines adopted after the commission of his crime violates the ex post facto clause of the Florida and United States Constitutions. This issue has been addressed on numerous occasions by the First District, and on each occasion the court has rejected the ex post facto argument. See Rolle v. Florida Parole and Probation Commission, 426 So.2d 1082 (Fla. 1st DCA 1983); May v. Florida Parole and Probation Commission, 424 So.2d 122 (Fla. 1st DCA 1982); Hurst v. Florida Parole and Probation Commission, 418 So.2d 444 (Fla. 1st DCA 1982); Britt v. Florida Parole and Probation Commission, 417 So.2d 1079 (Fla. 1st DCA 1982); Overfield v. Florida Parole and Probation Commission, 418 So.2d 321 (Fla. 1st DCA 1982); and Lopez v. Florida Parole and Probation Commission, 410 So.2d 1354 (Fla. 1st DCA 1982). We agree with the rationale expressed in Overfield, supra:
Without extended discussion of whether amendments to the matrix rule constitute procedural changes not subject to ex post facto considerations, or are substantive changes, we cannot agree that such amendments necessarily increase punishment and are, therefore, illegal. The matrix time range does not automatically determine time served, and the Commission in its discretion may aggravate or mitigate the matrix time, setting a release date above or below the matrix, so long as it states its reasons with particu *624 larity. Secs. 947.172(2), .165(1), Fla.Stat. (1981). See also Lopez v. Florida Parole and Probation Commission, 410 So.2d 1354 (Fla. 1st DCA 1982). This process is to be contrasted with that addressed in Weaver v. Graham, 450 U.S. 24,101 S.Ct. 960, 67 L.Ed.2d 17 (1981), where statutory changes in gain-time credits automatically reduced, without discretionary decision-making, the time to be served.
Furthermore, we approve the reasoning set forth in May, supra:
[W]e add that a presumptive parole release date is only presumptive. It is discretionary prologue to the Commission’s final exercise of its discretion in setting an inmate’s effective parole release date. Section 947.18, Florida Statutes, which was in effect at all times pertinent to this case, gives the Commission ultimate discretion to decide when to parole an inmate even though his presumptive parole release date may indicate an earlier date. See Gobie v. Florida Parole and Probation Commission, 416 So.2d 838 (Fla. 1st DCA 1982). The establishment of a presumptive parole release date by the Commission is not analogous to an inmate’s accumulation of statutory gain time — the subject matter of the United States Supreme Court’s opinion in Weaver.
Pursuant to Article V, Section 3(b)(4), of the Constitution of Florida, we certify that the following question passed upon by us in this cause is one of great public importance:
Does the application of different parole guidelines adopted after the commission of the crime violate the ex post facto clause of the Florida and United States Constitutions?
Our opinion is issued en banc pursuant to Florida Rule of Appellate Procedure 9.331, because there are presently several other similar and undecided cases pending before various panels of this court. These eases all present the same legal issue and en banc consideration herein will effect a uniform result in each matter.
The petition for writ of habeas corpus is thus denied.
LETTS, C.J.,- and BERANEK, HERSEY, GLICKSTEIN, DELL and WALDEN, JJ., concur.
ANSTEAD, J., with whom DOWNEY and HURLEY, JJ., join, dissenting in part with opinion.
DOWNEY, J., with whom HURLEY, J., joins, dissenting in part with opinion.