DOWNEY, Judge,
with whom HURLEY, J., joins, dissenting in part.
I agree with the dissent authored by Judge Anstead.
I would add that the string of First District Court of Appeal cases relied upon by the majority stem from the seminal case of Lopez v. Florida Parole and Probation Commission, 410 So.2d 1354 (Fla. 1st DCA 1982), cert. den.-U.S.-, 103 S.Ct. 207, 74 L.Ed.2d 166, which Judge Anstead’s dissent shows is easily distinguishable. In addition, it is not entirely accurate to suggest that, unlike statutory gain time, presumptive parole release dates are merely discretionary with the Parole Commission. For example, the Commission is required to establish a presumptive parole release date for all prisoners. Section 947.172, Florida Statutes (1981). After establishing a presumptive parole release date, the Commission may review the official record and conduct additional interviews with the inmate. However, the presumptive parole release date is not to be changed except for reasons of institutional conduct or based upon new information not available at the time the presumptive parole release date is initially fixed. Sec. 947.26, Florida Statutes (1981). If the inmate requests review of his presumptive parole release date pursuant to Sec. 947.173, Florida Statutes (1981), the Commission can modify his presumptive parole release date, but only by shortening it; it can not be lengthened. “It is the intent of the legislature that, once set, presumptive parole release dates be modified only for good cause in exceptional circumstances.” Sec. 947.173, Florida Statutes (1981). It thus appears that the determination of a presumptive parole release date, while not fixed, is quite structured, which is exactly why the legislature mandated the establishment of objective parole guidelines.
For those reasons and the reasons set forth in Judge Shivers’ dissenting opinion in May v. Florida Parole and Probation Commission, 424 So.2d 122, 124 (Fla. 1st DCA 1982), I would grant the petition for writ of habeas corpus.