PER CURIAM.
Wilson appeals from a final order of the Florida Parole and Probation Commission (Commission) establishing his presumptive parole release date (PPRD). Appellant argues that the Commission should have established his severity of offense behavior as a felony of the second degree (burglary of a dwelling), instead of a felony of the first degree (burglary of a dwelling while armed with a dangerous weapon). The Commission argues that there is record support for its conclusion that appellant pled guilty to burglary of a dwelling while armed with a dangerous weapon. We agree with appellant that the Commission erroneously established his severity of offense behavior.
After a thorough review of the record on appeal, we note that although there are several places in the record that arguably indicate appellant pled guilty to burglary of a dwelling while armed with a knife, there are also several places in the record that arguably indicate appellant pled guilty to burglary of a dwelling. However, in the Judgment and Sentence appellant pled guilty to “Burglary (Dwelling)” and he was found guilty and sentenced on that charge. There is no indication on the face of the Judgment and Sentence that appellant pled guilty to burglary of a dwelling while armed with a dangerous weapon. Accordingly, it was error for the Commission to establish appellant’s severity of offense behavior as a first degree felony. We therefore reverse the Commission’s establishment of appellant’s severity of offense behavior and remand to the Commission for the establishment of an appropriate PPRD in accordance with this opinion. This decision does not preclude the Commission, on remand, from considering the propriety of aggravating appellant for possession of a knife during the burglary. See generally, Wickham v. Florida Parole and Probation Commission, 410 So.2d 989 (Fla. 1st DCA 1982).
REVERSED AND REMANDED for proceedings consistent with this opinion.
ROBERT P. SMITH, Jr., C.J., and LARRY G. SMITH and THOMPSON, JJ., concur.