MILLS, Judge.
Odom appeals the establishment of his presumptive parole release date (PPRD). We affirm.
*635 Odom was paroled, pursuant to a PPRD, from several sentences for burglary in December 1980. In 1982, his parole was revoked and additional sentences for burglaries and two grand thefts were imposed. A new PPRD was calculated. Separate scoring was done for the pre-parole criminal episode and the post-parole episode. The times were then aggregated.
Odom analogizes aggregation and aggravation. He challenges the use of his pre-pa-role crimes in the salient factor scoring for his post-parole commitment and then aggregating the times. This issue was decided adversely to Odom in Nord v. Florida Parole and Prob. Com’n., 417 So.2d 1176 (Fla. 1st DCA 1982).
One of Odom’s 1977 crimes resulted in a 20-month assessment although only 14 months were assessed prior to Odom’s parole. The binding effect of the prior PPRD determination was waived by Odom’s parole violations.
Odom challenges use of 1982 PPRD guidelines for his 1977 crimes. Lopez v. Florida Parole and Prob. Com’n., 410 So.2d 1354 (Fla. 1st DCA 1982), is indistinguishable.
Odom was set at the top of the matrix for one of his 1981 crimes, although no pre-sen-tence investigation (PSI) was conducted. There is ample record support, including three PSI reports for other crimes and a revocation report, for the Commission’s action.
AFFIRMED.
BOOTH and SHIVERS, JJ., concur.