458 So.2d 1131 (1984)
Bruce FULLER, Petitioner,
v.
Louie L. WAINWRIGHT and Florida Parole and Probation Commission, Respondents.
No. 83-2409.
District Court of Appeal of Florida, Fourth District.
April 18, 1984.
Rehearing Denied December 12, 1984.
Bruce Fuller, Claremont, pro se.
Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for respondent Louie L. Wainwright.
Doris E. Jenkins, Asst. Gen. Counsel, Tallahassee, for respondent Fla. Parole and Probation Com'n.
GLICKSTEIN, Judge.
This is a petition for habeas corpus by which petitioner seeks immediate release. The vehicle is appropriate for the relief being sought. Jenrette v. Wainwright, 410 So.2d 575 (Fla. 3d DCA), petition for review denied, 419 So.2d 1201 (Fla. 1982). We grant the petition, subject to standard provisions of parole, if any. See Taylor v. Wainwright, 418 So.2d 1095 (Fla. 5th DCA 1982).
At issue is the effect of the revision of section 944.275, Florida Statutes (1983), which increases the amount of gain time prisoners may earn, upon the determination of a presumptive parole release date (PPRD). The Commission contends the revised statute has no effect, yet readily agrees that it accelerated the expiration date of petitioner's commitment for a previous conviction used to aggregate the PPRD to June 25, 1981; and that petitioner was not sentenced on his subsequent conviction until December 23, 1982.
Respondents acknowledge this court's decision in Shannon v. Turner, 432 So.2d 204 (Fla. 4th DCA 1983), in the Commission's response, which admits that the Commission cannot consider, in determining aggregation, a commitment which had expired at the time of current recommitment in setting the new PPRD. The Commission contends, however, that it is only responsible for considering information available at the time of the initial interview and that it, correctly, aggregated convictions existing at that point. Its response fails to state that the revision to section 944.275 (Ch. 83-131, Laws of Fla.) was approved by the Governor on June 15, 1983, filed in the Office of the Secretary of State on June 16, 1983 and provided, in section 43, that section 8  which pushed petitioner's expiration date forward  became effective upon becoming a law. Further, the response fails to mention that the Commission's action in setting the PPRD occurred on July 18, 1983. By ignoring these facts, the Commission argues that petitioner is seeking to modify his PPRD, which the Commission *1132 contends cannot be altered except under narrowly prescribed circumstances. Acknowledgment of the facts neglected by the Commission in its response leads us to conclude that the Commission ignored the revised version of section 944.275 when it set petitioner's PPRD.
Even if we disregard all of the foregoing, it would not affect our result because of what we perceive to be the legislative intent, although we have not had the benefit of any legislative history from respondents. Prior to 1983, gain time was less than 10 days a month. The legislature then expressly said in order to encourage satisfactory behavior, the department is authorized to grant additional time. § 944.275(1) & (4), Fla. Stat. (1983). It further said that basic gain time under this section shall be computed and applied to all prisoners sentenced for offenses committed on or after July 1, 1978. § 944.275(6)(a). Petitioner's previous commitment resulted from two offenses which occurred on June 12, 1979. Liberty is not like the proverbial insurance policy which is often critically described as "the big print giveth, and the small print taketh away." That which the legislature giveth, the Commission cannot take away. Accordingly, regardless of whether petitioner's PPRD was set before or after the 1983 statute became law, his PPRD had to be set or altered if he had convictions coming within the post-June 30, 1978 protection  which he did.
HURLEY and DELL, JJ., concur.

ON MOTION FOR REHEARING
GLICKSTEIN, Judge.
The Florida Parole and Probation Commission asks us to reconsider our original decision in this case found at 458 So.2d 1131 (Fla. 4th DCA 1984), in which we granted the petition for habeas corpus, subject to parole conditions. We decline to change our ruling in this case. We recognize, however, that the question presented in this and several companion cases is of great importance and that prisoners in similar situations are receiving different treatment from the various districts in this state. We therefore certify to the Florida Supreme Court the following question:
IN CASES IN WHICH A PRISONER CLAIMS THAT IMPROPER CALCULATION OF HIS PRESUMPTIVE PAROLE RELEASE DATE ENTITLES HIM TO IMMEDIATE RELEASE, IS HIS REMEDY PROPERLY PURSUED THROUGH A PETITION FOR A WRIT OF MANDAMUS OR HABEAS CORPUS?
HURLEY and DELL, JJ., concur.