463 So.2d 1181 (1985)
Jerry P. GAINES, Petitioner,
v.
FLORIDA PAROLE AND PROBATION COMMISSION, Respondent.
No. 84-1791.
District Court of Appeal of Florida, Fourth District.
January 9, 1985.
Rehearing and Certification of Question Denied March 13, 1985.
*1182 Jerry P. Gaines, Belle Glade, petitioner, pro se.
Doris E. Jenkins, Asst. Gen. Counsel, Florida Parole and Probation Com'n, Tallahassee, for respondent.
BARKETT, Judge.
This is a petition for habeas corpus or, alternatively, mandamus through which petitioner challenges the modification of his presumptive parole release date (PPRD) by the Florida Parole and Probation Commission (the Commission). We treat the petition as one for a writ of mandamus, and grant it for the reasons set forth below. See Roberson v. Florida Parole and Probation Commission, 444 So.2d 917, 918 (Fla. 1983); Moore v. Florida Parole and Probation Commission, 289 So.2d 719 (Fla.), cert. denied, 417 U.S. 935, 94 S.Ct. 2649, 41 L.Ed.2d 239 (1974).
On April 18, 1977, petitioner was adjudicated guilty of second degree murder and unlawful possession of a firearm by a convicted felon. He was sentenced to a life term for murder, and to a 15-year concurrent term for possession of a firearm. On November 26, 1979, he was interviewed initially by the Commission for the purpose of establishing a PPRD, and his PPRD was established to be November 17, 1983. In establishing that PPRD, the Commission declined to take into account petitioner's conviction for possession of a firearm.
Petitioner later escaped from custody. He was convicted for this escape on July 25, 1983, and was sentenced to a one-year term to run consecutively with the life imprisonment sentence. As a result of the new conviction for escape, petitioner's original PPRD was vacated and he received a new "initial interview" on February 16, 1984. At this second "initial interview" the Commission set a new PPRD of March 7, 1989. The extended date resulted in part from petitioner's escape. The extension of petitioner's PPRD based upon his escape was proper, and is not questioned here. The Commission, however, also extended petitioner's PPRD an additional 20 months by using petitioner's conviction for possession of a firearm as an aggravating factor. Petitioner contends it was improper for the *1183 Commission to consider his prior conviction for possession of a firearm in setting his second PPRD because this information was before the Commission when the first PPRD was established. We agree.
Section 947.16(4), Florida Statutes (1983), provides, in relevant part:
[T]he presumptive parole release date may not be changed except for reasons of institutional conduct or the acquisition of new information not available at the time of the initial interview.
Section 947.173(3), Florida Statutes (1983), provides, in relevant part:
It is the intent of this legislation that, once set, presumptive parole release dates be modified only for good cause in exceptional circumstances.
Thus, three factors justify modifying a prisoner's PPRD after it has been determined originally: (1) new information; (2) institutional conduct; and (3) extraordinary circumstances. Paige v. Florida Parole and Probation Commission, 434 So.2d 7 (Fla. 1st DCA 1983); Jackson v. Florida Parole and Probation Commission, 424 So.2d 930, 931 (Fla. 1st DCA 1983). See also Fuller v. Wainwright, 458 So.2d 1131 (Fla. 4th DCA 1984); Shannon v. Mitchell, 460 So.2d 910 (Fla. 4th DCA 1984). The Commission cannot adversely modify a prisoner's PPRD asserting "new information" if that information has already been considered and acted upon by the Commission in establishing the PPRD. State ex rel. Boyles v. Florida Parole and Probation Commission, 436 So.2d 207, 211 (Fla. 1st DCA 1983); McKahn v. Florida Parole and Probation Commission, 399 So.2d 476, 478 (Fla. 1st DCA 1981).
In this case, the Commission concedes that the firearm conviction was not "new information." It argues, however, that because petitioner's original PPRD was "vacated" as a result of his escape, his first release date was void and the Commission was free to use petitioner's firearm conviction as an aggravating factor because the second PPRD must now be construed as the initial PPRD. The Commission calls our attention to section 23-21.18(1) of the Florida Administrative Code as authority for this proposition:
23-21.18 Disposition of Special Types of Cases Under the Guidelines.
(1) Vacation of presumptive or effective parole release date: The exiting of an inmate from the incarceration portion of his sentence, which shall include but not be limited to bond, escape, parole or MCR release, expiration of sentence, or transfer to a mental health facility, shall vacate any established presumptive parole release date. Any subsequent return to incarceration shall require an initial interview to establish a presumptive parole release date. [emphasis added]
We cannot agree with the Commission's contention. Section 947.16(4) and section 947.173(3), Florida Statutes (1983), clearly prohibit modifying a prisoner's PPRD absent new information, evidence of institutional conduct, or extraordinary circumstances. We cannot allow a regulation of the Commission, even when it is one that has been lawfully promulgated,[1] to be accorded the legal effect of repealing or modifying a valid statute enacted by the legislature. Powell v. Kelly, 214 So.2d 347 (Fla. 1st DCA 1968), cert. discharged, 223 So.2d 305 (Fla. 1969). Because the conviction for possession of a firearm is not "new information" in relation to the setting of petitioner's pre-escape PPRD, and because the Commission initially chose not to extend petitioner's PPRD because of that conviction, the Commission cannot now use that conviction to extend petitioner's PPRD.
Accordingly, the Commission is hereby directed to subtract from petitioner's present PPRD the 20 months that were added to it as a result of the aggravating factor of petitioner's conviction for possession of a firearm.
ANSTEAD, C.J., and WALDEN, J., concur.
NOTES
[1] §§ 120.53, 947.071, 947.13, Florida Statutes (1981).