460 So.2d 910 (1984)
Larry Lee SHANNON, Petitioner,
v.
Anabel P. MITCHELL, Chairperson, Florida Parole and Probation Commission, R.V. Turner, Glades Correctional Institution Superintendent, et al., Respondents.
No. 83-2257.
District Court of Appeal of Florida, Fourth District.
April 11, 1984.
On Motion for Certification to be in Direct Conflict January 9, 1985.
Larry Lee Shannon, pro se petitioner.
Enoch J. Whitney, General Counsel, John C. Courtney, Asst. Gen. Counsel, Florida Parole and Probation Com'n, Tallahassee, for respondents.
GLICKSTEIN, Judge.
Petitioner is in prison, as he has been for more than ten years, except for brief sojourns among the free thanks to either escape or parole. Our inquiry now is not into the root causes of his criminal conduct, but only into whether the Florida Parole and Probation Commission's aggregation rule for calculating a Presumptive Parole Release Date (PPRD) was properly applied in his case.
In Shannon v. Turner, 432 So.2d 204 (Fla. 4th DCA 1983), the court treated a petition of the same petitioner on a similar matter as a petition for writ of mandamus, following Harrisson v. Florida Parole and Probation Commission, 428 So.2d 388 (Fla. 4th DCA 1983). The Harrisson court had appropriately relied on Moore v. Florida Parole and Probation Commission, 289 So.2d 719 (Fla. 1974), cert. denied, 417 U.S. 935, 94 S.Ct. 2649, 41 L.Ed.2d 239 (1974), which held:
The Parole Commission is required, as any other body, to comply with constitutional requirements; it cannot deny parole upon illegal grounds or upon improper considerations. It is answerable in mandamus if it does.
Id. at 720. Nevertheless we treat the present petition as one for habeas corpus, for petitioner seeks immediate release. We follow Judge Pearson's characteristically scholarly opinion in Jenrette v. Wainwright, 410 So.2d 575 (Fla.3d DCA), pet. for rev. denied, 419 So.2d 1201 (Fla. 1982), to the effect that habeas corpus is the appropriate means for challenging the validity of a PPRD when the petitioner seeks immediate release.
*911 Here a prisoner represented by an inmate legal assistant challenges the continued deprivation of his liberty by virtue of misconstruction of the rule governing the use of prior sentences in redetermining a PPRD when a parolee is recommitted. From the less than direct response prepared by a commission lawyer, we are at a loss to determine whether the PPRD calculation came about because of an honest misapprehension of the applicability of the rule or from an overblown sense of the agency's responsibility to hold a social transgressor accountable for his misconduct. Fortunately great strides have been made during our lifetime, dating, one might say, from Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), in safeguarding the legitimate rights of unfortunate outcasts against the temptation to lock them indefinitely out of sight and put the causes of their predicaments out of mind. Miscreants should indeed be held accountable, but no one is granted arbitrary power to extend incarceration beyond the intent of applicable laws and rules; and simultaneously  and increasingly  society must bend its efforts to the elimination of those conditions that breed sociopaths.
It is indeed not the role of the commission indiscriminately to turn out into the streets those who may again prey on the rest of us; but neither is it the commission's function to stretch the rules in order to extend the quarantine. Here the commission relies on Florida Administrative Code Rule 23-21.11(3)(b) as the basis for its aggregation of unserved time from a former commitment, which it asserts had not yet expired when another commitment was imposed. While this is true, we agree with the holding in Jordan v. Florida Parole and Probation Commission, 423 So.2d 450, 451 (Fla. 1st DCA 1982), that Rule 23-21.11 is not invoked when there is not a new commitment. Shannon had been released on parole long after both commitments of concern here. The commission aggregated them when calculating Shannon's PPRD after his parole was revoked. There was no new commitment at this point. Because Shannon's uttering a forgery commitment expired before his parole was revoked, only his breaking and entering commitment belongs in the calculus. If we apply the commission's own figures, Shannon's PPRD, based on the latter commitment only, has long passed.
Petition is granted. Petitioner should be released, subject to standard applicable parole provisions. See Taylor v. Wainwright, 418 So.2d 1095 (Fla. 5th DCA 1982).
DOWNEY and DELL, JJ., concur.

ON MOTION FOR CERTIFICATION TO BE IN DIRECT CONFLICT.
PER CURIAM.
In our original opinion we granted the petitioner's petition for writ of habeas corpus, in which he claimed entitlement to immediate release because his presumptive parole release date (PPRD) had been improperly extended by the Parole and Probation Commission.[1] In response to our decision, the Commission has requested that we certify the question because our holding conflicts with opinions rendered by the First and Fifth District Courts of Appeal that mandamus rather than habeas corpus is the corrective even when entitlement to immediate release is claimed. We agree that our opinions in this case and in Fuller v. Wainwright, 458 So.2d 1131 (Fla. 4th DCA 1984), directly conflict with the First and Fifth District Courts of Appeal decisions of Kirsch v. Greadington, 425 So.2d 153 (Fla. 1st DCA 1983) and Pannier v. Wainwright, 423 So.2d 533 (Fla. 5th DCA 1982). We therefore grant the Commission's motion to certify that the inter-district conflict demonstrated by this opinion and the above decisions requires immediate consideration by the Florida Supreme Court. To this end, we certify to the Florida Supreme Court the following:
Whether a prisoner who claims that improper calculation of his P.P.R.D. entitles him to immediate release on parole properly *912 proceeds by mandamus or habeas corpus.
DOWNEY, GLICKSTEIN and DELL, JJ., concur.
NOTES
[1] Shannon v. Mitchell, 460 So.2d 910 (Fla. 4th DCA 1984).