OVERTON, Justice.
These consolidated cases are before us on petitions to review Fuller v. Wainwright, 458 So.2d 1131 (Fla. 4th DCA 1984), and Shannon v. Mitchell, 460 So.2d 910 (Fla. 4th DCA 1984), in which the Fourth District Court of Appeal determined it was appropriate for the prisoners Fuller and Shannon to challenge computation of their presumptive parole release dates by writs of habeas corpus. The district court certified, as being of great public importance, substantively identical questions, which we restate as follows:
Where a prisoner claims that improper calculation of his presumptive parole release date entitles him to immediate release, is his remedy properly pursued through petition for writ of mandamus or habeas corpus?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We recently answered this question in Griffith v. Florida Parole and Probation Commission, 485 So.2d 818 (Fla.1986), explaining that in view of legislative action eliminating review under the Administrative Procedure Act, judicial review of a presumptive parole release date is available now only through the writ of mandamus.
During the course of this appeal, Shannon and Fuller have been released from prison on parole and, consequently, there is no need for further consideration by mandamus. Accordingly, the decisions of the district court of appeal are quashed with directions to deny the petitions for writ of habeas corpus.
It is so ordered.
MCDONALD, C.J., and ADKINS, BOYD, EHRLICH and SHAW, JJ., concur.