WENTWORTH, Judge.
Appellant seeks review of an order denying his petition for writ of mandamus to compel the Parole and Probation Commission to reconsider his presumptive parole release date (PPRD).
Appellant raises two issues on appeal: 1) that the Parole and Probation Commission’s refusal to consider him for parole is an unconstitutional violation of equal protection and due process, citing Moore v. Florida Parole & Probation Commission, 289 So.2d 719 (Fla.1974), and 2) that the Commission erred in assessing a new aggravation after a court-ordered restructuring of appellant’s PPRD for a fact known to the Commission when it established appellant’s PPRD. We find neither constitutional violation nor error, and we affirm.
Appellant is a prisoner at Florida State Prison with an extensive prior criminal record and a history of escape. The Commission established appellant’s PPRD as March 5, 2013. At that time appellant’s robbery conviction was considered as his primary offense, with assessment of 300 months for that crime. No aggravation was made for appellant’s possession of a firearm conviction. The Commission did aggravate appellant’s conviction for assault with intent to commit murder, assessing it at 120 months. Three additional felony convictions were counted as aggravations, assessed at 20 points each for a total 180 months. This sum was “collapsed” into 300 months for a grand total of 480 months.
In 1984, after appellant was interviewed for his biennial review, the parole examiner recommended no change in the PPRD, and the Commission on September 27, 1984 accepted this recommendation. Appellant on November 19, 1984 filed an administrative appeal of this order. The Commission on December 19, 1984 granted review, but refused to change the PPRD due to “the seriousness of [appellant’s] ongoing criminal behavior, lack of program participation, and close management status.”
On November 14, 1984, the Commission had restructured appellant’s PPRD pursuant to a court order. Appellant filed an administrative appeal claiming the restructuring added 120 months in aggravation even though the new PPRD reduced his sentence by 12 years. The Commission on January 23, 1985 granted review, but declined to change the restructured PPRD.
Under section 947.174(1), Florida Statutes, biennial reviews are “limited to determining whether or not information has been gathered which might affect” the PPRD. A PPRD once established is not to be changed except for reasons of institutional conduct, acquisition of new information not available at the time of the initial interview, or for good cause in exceptional circumstances. Florida Parole & Probation Commission v. Paige, 462 So.2d 817 (Fla.1985). In this case, the Commission, having found no new information, declined to change appellant’s PPRD. The Commission is not required to mitigate a PPRD either on the basis of the Paige factors, or in the absence of those factors.
Appellant contends also that under section 947.16(5), Florida Statutes, the Commission may not modify an established PPRD except for the specified reasons of institutional conduct or new information not available at the time of the initial interview. We conclude that the restructuring of a PPRD pursuant to a court order in these circumstances is not subject to the constraints of section 947.16(5). When corrections in a PPRD have been ordered, consideration of all aggravating factors by the Commission has been permitted. Wilson v. Florida Parole & Probation Commission, 426 So.2d 60 (Fla. 1st DCA 1983).
*856 The order denying writ of prohibition is affirmed.
NIMMONS, J., and WILLIS, Associate Judge, concur.