515 So.2d 1044 (1987)
Larry L. WILLIAMS, Appellant,
v.
FLORIDA PAROLE AND PROBATION COMMISSION, Appellee.
No. BO-311.
District Court of Appeal of Florida, First District.
November 10, 1987.
Rehearing Denied December 8, 1987.
*1045 Larry L. Williams, pro se.
Doris E. Jenkins, General Counsel, and Lynne T. Winston, Asst. General Counsel, Florida Parole and Probation Com'n, Tallahassee, for appellee.
SHIVERS, Judge.
This is an appeal from the trial court's denial of appellant's petition for writ of mandamus, in which he challenged the aggravation of his presumptive parole release date (PPRD) by the Florida Parole and Probation Commission (Commission). We reverse and remand with instructions that the trial court issue the writ.
Appellant Williams was sentenced to life imprisonment for second-degree murder in 1971 and, on November 1, 1979, was given an initial interview by the Commission in order to establish a PPRD. Although the Commission at the time had information contained in a PSI that the second-degree murder was committed during an attempted robbery, the attempted robbery was not used to aggravate appellant's PPRD. While on parole, appellant was convicted of burglary and sentenced to two years incarceration, to run concurrently with the life term imposed for the violation of parole. A second interview was then conducted, at which the Commission aggravated appellant's score by 24 months based on the 1985 burglary and by 136 months based on the fact that the 1971 murder was committed while attempting to rob the victim. Appellant filed a petition for writ of mandamus, alleging that the Commission erred in aggravating his PPRD for the attempted robbery, since that information was available to the Commission at the time the initial PPRD was established.
On appeal from the denial of his petition, appellant argues that the Fourth District's decision in Gaines v. Florida Parole and Probation Commission, 463 So.2d 1181 (Fla. 4th DCA 1985) is directly applicable. The Commission argues, on the other hand, that appellant's initial PPRD was vacated by his having "exit[ed]... from the incarcerative portion of his sentence" when he was paroled.[1] (The Commission raised the same argument in Gaines, based on the petitioner's escape in that case.) Therefore, according to the Commission, the original PPRD is void, requiring the Commission to make a de novo determination, and leaving it free to use information it had earlier chosen not to use.
We agree with appellant that the holding in Gaines is applicable here. Under sections 947.16(4) and 947.173(3), F.S., a PPRD may be changed or modified only on the basis of (1) new information not available at the time of the initial interview; (2) institutional conduct; or (3) exceptional circumstances. In Gaines, the court held that Rule 23-21.18, F.A.C. could not be given the effect of repealing or modifying the valid statutes enacted by the Legislature and, thus, held that the Commission could not aggravate the PPRD on the basis of information it previously chose not to use, since it was not new information. We do not construe Gaines as holding any portion of Rule 23-21.18 to be invalid but, on the contrary, as giving effect to both the statutes and the rule, by insuring that even when a PPRD has been vacated and a new interview is required, information previously known to the Commission may not be used as an aggravating factor. The *1046 decision in Gaines does not, as argued by the Commission, conflict with either this court's holding in Odom v. Florida Parole and Probation Commission, 433 So.2d 634 (Fla. 1st DCA 1983) or in Schultz v. Florida Parole and Probation Commission, 432 So.2d 647 (Fla. 1st DCA 1983).
Accordingly, the trial court's denial of appellant's petition for writ of mandamus is reversed, and the matter is remanded for the trial court to issue the writ.
REVERSED and REMANDED.
THOMPSON and ZEHMER, JJ., concur.
NOTES
[1] Rule 23-21.18(1), F.A.C., provides as follows:

Vacation of presumptive or effective parole release date: The exiting of an inmate from the incarceration portion of his sentence, which shall include but not be limited to bond, escape, parole or MCR release, expiration of sentence, or transfer to a mental health facility, shall vacate any established presumptive parole release date. Any subsequent return to incarceration shall require an initial interview to establish a presumptive parole release date.