ZEHMER, Judge.
The sole issue presented by this appeal is the facial sufficiency of Eugene Swanson’s petition for mandamus directed to the Florida Parole and Probation Commission. The petition alleged that Swanson’s original proposed parole release date (PPRD) of March 16, 2021, was established by the commission after initial interview based on a written sentence of 1 year incarceration on count one, 30 years on count two, 30 years on count three, and 60 years on count four, with the sentence on count three to run consecutively to the sentence on count two and the sentence on count four to run consecutively to the sentence on count three. Meanwhile, Swanson appealed the validity of the written sentence, contending that the written sentence did not conform to the oral sentence pronounced in open court. Swanson v. State, 399 So.2d 469 (Fla. 2d DCA 1981). Reversing, the second district ruled that the maximum cumulative term of imprisonment was 120 years under the written sentence, while the oral pronouncement required count two to run concurrently with count one, which would require appellant to serve 91 years in prison. Accordingly, the court directed that a written sentence be entered in accordance with the oral pronouncements. The effect of the court’s decision was to reduce Swanson’s maximum incarceration by 29 years. *270 The petition for mandamus further alleges that after the decision of the second district was remanded to the trial court, Swanson sought a further interview with the commission to reestablish his presumptive parole release date in view of the reduced amount of incarceration. Swanson alleges that no relief was granted and that the commission did not recalculate the PPRD, despite the 29-year reduction in his maximum sentence.
We hold that when the original PPRD has been calculated on the basis of an erroneous written sentence, which is thereafter corrected and results in a substantial reduction of incarceration, the correction of the error in the original sentence constitutes sufficient good cause to require the commission to recalculate the prisoner’s PPRD upon subsequent interview. Sections 947.16(5), 947.173(3), Florida Statutes (1987); cf. Florida Parole and Probation Commission v. Paige, 462 So.2d 817 (Fla.1985); Sheley v. Florida Parole and Probation Commission, 496 So.2d 854 (Fla. 1st DCA 1986), rev. denied, 506 So.2d 1043 (Fla.1987). Swanson’s petition for mandamus essentially alleges that he has been deprived of this right by the commission’s actions and therefore facially states grounds for relief. Should the commission establish through its response to the petition, after taking into consideration this correction of the sentence, that Swanson’s PPRD has been recalculated and nevertheless results in the same PPRD, the court could undoubtedly deny the petition. At the very least, however, Swanson is entitled to such recalculation.
Because the petition is facially sufficient to require a response from the commission, we reverse and remand for further proceedings.
REVERSED and REMANDED.
ERVIN and WENTWORTH, JJ., concur.