ERVIN, Judge.
We reverse the order denying appellant’s petition for writ of mandamus. When the Florida Parole and Probation Commission established appellant’s presumptive parole release date (PPRD) as August 28, 1996, after his parole was revoked, it included 60 months for use of a handgun during the commission of the offense as an aggravating factor. This was error. The same factor had been used in setting appellant’s previous PPRD, and the law is clear that the Commission cannot change or modify a PPRD except for new information not available at the time of the initial interview, institutional conduct, or exceptional circumstances. §§ 947.16(5) & 947.173(3), Fla.Stat. (1991); Hester v. Florida Parole Comm’n, 619 So.2d 28 (Fla. 1st DCA 1993); Williams v. Florida Parole & Probation Comm’n, 515 So.2d 1044 (Fla. 1st DCA 1987); Jackson v. Florida Parole Comm’n, 424 So.2d 930 (Fla. 1st DCA 1983); Gaines v. Florida Parole & Probation Comm’n, 463 So.2d 1181 (Fla. 4th DCA), review denied, 475 So.2d 695 (Fla.1985).
As for the 24r-month extension given for the second aggravating factor based upon new information, appellant is not entitled to mandamus relief because the reasons are facially valid, supported by the record, and authorized by statute and rule. See Baker v. Florida Parole & Probation Comm’n, 384 So.2d 746, 748 (Fla. 1st DCA 1980) (“Absent a violation of any statute or rule, this Court can review no further under mandamus, as the writ will not lie in any review by this Court of the discretionary acts of the Commission.”).
AFFIRMED in part, REVERSED in part, and REMANDED with directions to grant the writ by ordering the Commission to recalculate appellant’s PPRD without any aggravation for the use of a firearm while committing the offense.
ALLEN, J., concurs.
LAWRENCE, J., specially concurs with opinion.