634 So.2d 228 (1994)
Ray TERRY, Appellant,
v.
FLORIDA PROBATION AND PAROLE COMMISSION, Appellee.
No. 92-3992.
District Court of Appeal of Florida, First District.
March 24, 1994.
Ray Terry, pro se.
James S. Byrd, Asst. Gen. Counsel, Florida Parole Com'n, for appellee.
PER CURIAM.
Appearing pro se, appellant Ray Terry appeals the trial court's denial of his petition for writ of mandamus directed to the Florida Probation and Parole Commission. We affirm.
On March 7, 1979, appellant entered a plea of nolo contendere to second degree murder and was sentenced to a term of life in prison. The parole examiner calculated appellant's matrix time range at 38-59 months. The examiner, however, recommended that the incarcerative term be aggravated by 59 months because the "PSI reflects that the victim was made to suffer before being shot to death." Despite this recommendation, the Commission recommended that appellant serve 238 months, an aggravation 179 months beyond the matrix range, based upon the same information considered by the examiner.
Shortly thereafter, appellant wrote a letter to the Commission dated April 30, 1979. In response thereto, the Commission reduced the aggravation to 59 months above the matrix range, for a modified recommended term of 118 months. After biennial review, appellant's presumptive parole release date (PPRD) was again reduced by 12 months. Appellant was released on parole on October 9, 1984, subject to a ten year period of supervision, and permitted to relocate to Texas. While in Texas, appellant committed numerous *229 parole violations including public intoxication, resisting arrest, disorderly conduct, assault and driving while under the influence of alcohol. Appellant's parole was revoked on October 9, 1991.
The Commission again considered appellant's PPRD, correctly calculating a matrix range of 100-120 months. In addition to the upper matrix range of 120 months, the Commission added the following aggravating factors: the victim was made to suffer before being shot to death (108 months); ongoing history of alcohol abuse as evidenced by five misdemeanor convictions in Texas (36 months). Thus, the Commission recommended a term of 264 months, establishing a PPRD of February 4, 2005.
Appellant sought review of his new PPRD, arguing before the Commission that it improperly considered an aggravating factor already considered in the establishment of his initial PPRD, i.e., the victim was made to suffer before being shot to death. The Commission denied the appeal, as did the trial court deny appellant's petition for writ of mandamus.
In the first of three issues raised on appeal,[1] appellant argues that the Commission erred in considering as an aggravating factor that the victim was made to suffer before being shot to death because such factor was considered in aggravating his initial PPRD by 59 months. Appellant relies on Tubb v. Florida Parole Commission, 580 So.2d 616 (Fla. 5th DCA 1991), to argue that given an initial aggravation of 59 months in the establishment of his first PPRD, any subsequent determination of his PPRD after revocation of parole may consider the same aggravating factor but may not exceed the 59 months imposed earlier. Appellant is correct in his understanding of Tubb. In Tubb, the Commission originally assessed an additional 61 months in calculating Tubb's PPRD on the ground that "this man went to wife's home armed with gun and apparently looking for trouble." Tubb was subsequently released on parole. Five years after his release, Tubb was convicted on two counts of aggravated assault. The commission of these crimes constituted a violation of his parole. In recalculating Tubb's PPRD, the Commission assessed an additional 120 months on the ground that Tubb "went to wife's home with gun and apparently looking for trouble." The Fifth District Court of Appeal reversed the trial court's denial of mandamus relief, holding that the Commission was constrained to assess no more than the number of months assessed for the same earlier aggravating factor  61 months.
We believe that Tubb was correctly decided, and that the legal principle expressed therein is applicable to this case. There is, however, one critical flaw in appellant's argument. The second aggravation imposed for victim suffering, 108 months, should be compared to the initial aggravation, 179 months, imposed by the Commission for victim suffering rather than the reduced aggravation of 59 months imposed by the grace of the Commission after appellant's appeal by letter dated April 30, 1979. Viewed in this light, it can be seen that the Commission did not err in aggravating appellant's second PPRD by 108 months for victim suffering where it aggravated the initial PPRD by 179 months for the same factor.[2] Accordingly, the trial court did not err in denying appellant's petition for writ of mandamus.
AFFIRMED.
BOOTH, MINER and KAHN, JJ., concur.
NOTES
[1] We find the second and third issues raised by appellant to be wholly without merit and decline to discuss them.
[2] Our position is consistent with those cases holding that the Commission may not aggravate a subsequent PPRD on the basis of information known to it but not used to aggravate the initial incarcerative term. See e.g., Taylor v. Florida Parole and Probation Commission, 543 So.2d 367 (Fla. 1st DCA 1989); Williams v. Florida Parole and Probation Commission, 515 So.2d 1044 (Fla. 1st DCA 1987); Gaines v. Florida Parole and Probation Commission, 463 So.2d 1181 (Fla. 4th DCA), rev. denied, 475 So.2d 695 (Fla. 1985).