PER CURIAM.
Appellant, Nathan McClain, appeals the trial court’s denial of his petition for writ of mandamus directed to the Florida Probation and Parole Commission (commission) on three grounds. We find merit only as to appellant’s first issue, but on that point we must reverse the order.
In November of 1976, appellant was convicted of second-degree murder, use of a firearm in the commission of a felony, and three counts of aggravated assault. Appellant was sentenced to a life term on the first count, a consecutive ten-year sentence on the second count, and consecutive five-year sentences on the other three counts of aggravated assault. A presumptive parole release date (PPRD) of April 30, 1985, was subsequently set for appellant. This date was changed several times, but on August 28, 1984, appellant was released on parole to remain under supervision, subject to specified conditions of parole through August 28, 1994.
In January of 1991, appellant was convicted on two counts of battery. As a result of these new convictions which occurred during his term of supervision, the commission revoked appellant’s parole. Appellant was interviewed for recommendation of a new PPRD, and a new PPRD was set at April 27, 1998. Appellant sought initial review of the commission’s decision. Based upon the review, the commission removed one point from the appellant’s salient-factor score, but this did not result in a change of appellant’s PPRD. Appellant filed a petition for writ of mandamus in the circuit court in June of 1992 which was denied by the trial court.
*974 Appellant argued that the commission aggravated the PPRD based on the same aggravating factors previously considered when it established appellant’s first PPRD. Originally, the commission established an incarceration time of 118 months based upon his prior convictions: 79 months for the second-degree murder, 19 months for the use of a firearm, and 10 months for the aggravated assault. After appellant violated parole and committed new offenses, the commission assessed a total of 168 months on these same convictions; 120 months on the second-degree murder, and 24 months each for the use of a firearm and for aggravated assault.
In Terry v. Florida Probation and Parole Comm’n, 634 So.2d 228 (Fla. 1st DCA 1994), this court held that during a determination of a new PPRD after revocation of parole the commission can rely on the same aggravating factors as were considered in the first calculation, but that the number of months may not exceed the number that was imposed the first time. See also Tubb v. Florida Parole Comm’n, 580 So.2d 616 (Fla. 5th DCA 1991) (commission is constrained to assess no more than the number of months assessed for the same earlier aggravating factor). The only time the commission may assess additional months for a factor previously known to the commission is when there are new factors or behavior which make the old information more significant. See Taylor v. Florida Parole and Probation Comm’n, 543 So.2d 367 (Fla. 1st DCA 1989). Thus, while the commission properly considered these prior convictions in assessing the appellant’s PPRD, it could not assess additional months absent a determination that such an aggregation was warranted as in Taylor.
REVERSED.
WOLF, WEBSTER and MICKLE, JJ., concur.