IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ANGEL BARREIRO,

     Appellant,

v.

FLORIDA COMMISSION ON
OFFENDER REVIEW,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-5175

Opinion filed June 4, 2015.

An appeal from the Circuit Court for Leon County.
Charles A. Francis, Judge.

Angel Barreiro, pro se, Appellant.

Mark Hiers, Assistant General Counsel, Tallahassee, for Appellee.

PER CURIAM.

     Angel Barreiro appeals the circuit court's order dismissing in part and

denying in part his petition for writ of mandamus challenging the decision of the

Florida Commission on Offender Review (Commission) not to change his

presumptive parole release date (PPRD).  We affirm in part and reverse in part.

Barreiro is an inmate serving parole-eligible life sentences on two counts of first-degree murder.  In 2009, a hearing examiner recommended that Barreiro's PPRD be established as October 29, 2025, but the Florida Parole Commission (FPC) rejected this recommendation and established his PPRD as January 2, 2051.  The FPC set Barreiro's "subsequent interview" for March 2014 pursuant to section 947.174(1)(b), Florida Statutes (2008).  Barreiro filed a mandamus petition in the circuit court challenging the FPC's establishment of his PPRD.  The petition was denied.  Barreiro then filed a petition for certiorari in this court seeking review of the circuit court's decision.  The petition was "denied on the merits."  See Barreiro v. Fla. Parole Comm'n, 110 So. 3d 903 (Fla. 1st DCA 2013) (Barreiro I).

In May 2014, following Barreiro's subsequent interview, the Commission entered an order adopting the hearing examiner's recommendation that no change be made to Barreiro's PPRD.  Thereafter, in June 2014, Barreiro filed a mandamus petition in the circuit court that appeared to challenge both the decision not to change the PPRD as well as the initial establishment of the PPRD.  The trial court issued an order to show cause, and in response, the Commission filed a motion to dismiss the petition.  Barreiro filed a reply in which he clarified that he "is challenging the 2014 subsequent establishment of his PPRD," but he continued to raise arguments that appeared to challenge FPC's decision to establish his initial

2

PPRD "that was significantly later than [the] date recommended by [the] hearing examiner."

The circuit court dismissed in part and denied in part Barreiro's mandamus petition. The court concluded that (1) to the extent Barreiro was challenging the initial establishment of his PPRD, the petition was time-barred; and (2) to the extent Barreiro was challenging the Commission's decision not to change his PPRD after his subsequent interview, he did not state a claim for mandamus relief because that decision was a discretionary act and "[m]andamus is not available to challenge a discretionary agency act."

Thereafter, Barreiro filed a petition for certiorari in this court seeking review of the circuit court's order. We converted this proceeding to an appeal because the circuit court denied the mandamus petition on procedural grounds rather than on the merits. See Whisner v. Moore, 825 So. 2d 420 (Fla. 1st DCA 2002); Fla. R. App. P. 9.040(c).

We affirm the dismissal of the mandamus petition to the extent it challenged the initial establishment of Barreiro's PPRD. Not only was the petition untimely as it relates to that decision, see § 95.11(5)(f), Fla. Stat.; Moger v. Fla. Parole Comm'n, 22 So. 3d 138, 139 (Fla. 1st DCA 2009), but any challenge to the initial establishment of the PPRD is also barred by res judicata based on Barreiro I.

However, we reverse the denial of the petition to the extent it challenged the

3

Commission's decision not to change Barreiro's PPRD after his subsequent interview. The petition was timely as to that decision, and contrary to the position advocated by the Commission and adopted by the circuit court, mandamus is available to review the Commission's decision not to change an inmate's PPRD after a subsequent interview. See Sheley v. Fla. Parole & Probation Comm'n, 496 So. 2d 854, 855 (Fla. 1st DCA 1986) (affirming denial of mandamus petition challenging decision not to change PPRD after biennial interview); see also Moore v. Fla. Parole & Probation Comm'n, 289 So. 2d 719, 720 (Fla. 1974) ("While there is no absolute right to parole, there is a right to a proper consideration for parol[e]. . . . The Parole Commission . . . cannot deny parole upon illegal grounds or upon improper considerations. It is answerable in mandamus if it does."). The scope of the circuit court's review is, however, limited to determining whether the reasons provided by the Commission to support its decision are "facially valid, supported by the record, and authorized by statute and rule." Harper v. Fla. Parole Comm'n, 626 So. 2d 336, 337 (Fla. 1st DCA 1993) (citing Baker v. Fla. Parole & Probation Comm'n, 384 So. 2d 746, 748 (Fla. 1st DCA 1980), which explained that "[a]bsent a violation of any statute or rule, this Court can review no further under mandamus, as the writ will not lie in any review by this Court of the discretionary acts of the Commission"); see also Sheley, 496 So. 2d at 855 (explaining that "[a] PPRD once established is not to be changed except for reasons of institutional

4

conduct, acquisition of new information not available at the time of the initial interview, or for good cause in exceptional circumstances").

For the foregoing reasons, we reverse the order denying Barreiro's mandamus petition to the extent that it challenged the Commission's decision not to change his PPRD after the subsequent interview and we remand to the circuit court to consider the merits of the petition on that issue. The order is affirmed in all other respects.

AFFIRMED in part; REVERSED and REMANDED in part.

ROBERTS, WETHERELL, and OSTERHAUS, JJ., CONCUR.