PER CURIAM.
Benton appeals the Commission’s action in establishing his presumptive parole release date. Specifically, he complains that *1128 the Commission erred in assessing an aggravation fifty-one months above the matrix time range for Benton’s present offense of conviction (i.e., armed robbery). The basis for the Commission’s decision to apply the aggravation was the fact that Benton was on bond for the offense of possession of marijuana at the time he committed the armed robbery. It is Benton’s contention that,- when arriving at the amount of time to be assessed in aggravation, the Commission was, or should have been, confined to the limits of the matrix time range for the possession of marijuana offense (for which Benton was on bond) or, alternatively, for his present offense of conviction, armed robbery. We reject this argument, and affirm.
A “matrix time range” is the range of months found where the offender’s salient factor score intersects with the offender’s severity of offense behavior in the matrix time range table established by Commission rule. Fla. Admin. Code Rules 23-21.02(21); 23-21.09. Decisions to aggravate an inmate beyond his matrix time range are within the discretion of the Commission, subject to the limitations of section 947.-172(2), (3), Florida Statutes and Florida Administrative Code Rule 23-21.10(1), (2).* If the Commission deems that appropriate aggravating circumstances exist in a particular case, the amount of aggravation time is also discretionary, and is not required to bear any relationship to the matrix time range for the offense of conviction or for the offense behavior which forms the basis for the aggravation.
The fact that Benton was “on bond” when he committed the offense of conviction is an appropriate aggravating circumstance. Fla. Admin. Code Rule 23-21.-10(4)(a)(2)(a). Under the facts of this case, the Commission did not abuse its discretion in assessing fifty-one months in aggravation.
AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and LARRY G. SMITH and WENTWORTH, JJ., concur.

 23 21.10 Decision Outside the Matrix Time Range.
(1) The Commission may render a decision outside the matrix time range based on any competent and persuasive evidence relevant to aggravating or mitigating circumstances if the inmate is furnished a written explanation of such a decision. The requirements of competent and persuasive evidence are:
(a) that the information is specific as to the behavior alleged to have taken place, and
(b) the source of the allegation appears to be reliable.
(2) Information (for example information supporting a count of an indictment that was dismissed as a result of a plea agreement) may be relied upon as aggravating or mitigating circumstances provided it meets the competent and persuasive criteria. However, the following aggravating factors shall not be used:
(a) element of the crime;
(b) information included in calculating the salient factor score;
(c) information included in the severity of offense behavior; or
(d) charges for which a person was acquitted after trial.