WENTWORTH, Judge.
Appellant seeks review of an administrative order entered in a section 120.56, Florida Statutes, rule challenge proceeding. The hearing officer determined that there is a valid basis for the challenged rule and therefore dismissed appellant’s petition. We affirm the orders appealed.
Appellant’s petition alleged that her presumptive parole release date was extended by 36 months for the following factor:
History of alcohol abuse per PSI, psychological evaluation and admission summary-
This aggravation was justified by appellee on the basis of Fla.Admin.Code Rule 23-21.010(4)(a)2b (formerly Rule 23-21.-10(4)(a)2b). This rule lists examples of situations in which the inmate’s presumptive parole release date might be aggravated, including:
2. Reasons related to likelihood of favorable parole outcome, negative indicants of parole prognosis:
[[Image here]]
b. The inmate has a history of alcohol or narcotics abuse....
Appellant’s rule challenge petition asserts that this rule is an invalid exercise of del *996 egated legislative authority because it is arbitrary and capricious. In support of this assertion appellant argued that the rule is not uniformly applied, encompasses the disease of alcoholism, contains no standard as to the amount of aggravation permitted, and does not accurately reflect a negative parole indicant.
Section 947.165(1), Florida Statutes, requires the adoption of objective parole guidelines “based on the seriousness of offense and the likelihood of favorable parole outcome.” The Parole and Probation Commission has adopted a comprehensive scoring schedule as an aid in determining presumptive parole release dates. Rule 23-21.010 provides for decisions outside the scheduled range upon competent and persuasive evidence relevant to aggravating or mitigating circumstances. The challenged rule, 23-21.010(4)(a)2b, authorizes aggravation upon a history of alcohol or narcotics abuse as a negative indicant of parole prognosis.
The hearing officer permissibly found that a history of alcohol abuse in connection with criminal activity may be such an indicant, noting expert opinion to this effect. While appellant demonstrated one instance in which an inmate’s presumptive parole release date was not aggravated even though a history of alcohol abuse was present, a single individualized determination does not establish a pattern of arbitrary and capricious application of the rule. Appellant’s further contention that her parole might be conditioned upon abstinence from alcohol likewise does not establish arbitrary application and does not obviate her negative parole prognosis. We thus conclude that the hearing officer properly determined that Fla.Admin.Code Rule 23-21.010(4)(a)2b was not shown to be arbitrary and capricious or an invalid exercise of delegated legislative authority.
The order appealed is affirmed.
SMITH, C.J., and BOOTH, J., concur.