543 So.2d 367 (1989)
James TAYLOR, Appellant,
v.
FLORIDA PAROLE AND PROBATION COMMISSION, Appellee.
No. 88-1937.
District Court of Appeal of Florida, First District.
May 16, 1989.
James Taylor, Pro Se, for appellant.
Kurt E. Ahrendt, Asst. Gen. Counsel, Florida Parole Com'n, Tallahassee, for appellee.
BARFIELD, Judge.
James Taylor appeals from an order denying his petition for writ of mandamus which sought to compel the Florida Parole and Probation Commission ("Commission") to re-establish his presumptive parole release date ("PPRD"). Taylor asserted that *368 the Commission improperly extended the PPRD by aggregating his expired sentence for burglary with his present sentence for second-degree murder, and by assessing aggravating factors based on information previously known to the Commission. We find that the Commission properly applied its aggregation rule. However, we are unable to determine from the record whether the Commission extended the PPRD based on valid aggravating circumstances. Therefore, we reverse and remand with directions that the trial court conduct further proceedings consistent with this opinion.
Taylor's institutional record dates back to 1971, when he was convicted of burglary and sentenced to 30 months incarceration. In 1973, he was granted a mandatory conditional release, during which time he stabbed a man to death with a knife and was subsequently convicted of second-degree murder and sentenced to a term of life imprisonment. In 1979, the Commission set his PPRD for September 9, 1988. In 1981, his PPRD was reduced by 12 months to September 9, 1987. In June, 1984, he was released on parole pursuant to the mutual participation program. While on parole in 1985, he consumed alcohol and was arrested for DUI, but the Commission chose not to issue an arrest warrant for violation of his parole conditions. In 1986, he violated parole conditions, in part, by consuming alcohol and possessing a butcher knife, and the Commission placed him in a Community Control Program. In October, 1987, the Commission revoked his parole based upon his arrest for grand theft, conviction for trespass and other violations. In January, 1988, he received a new PPRD for May 25, 2000.
In setting the new PPRD, the Commission aggregated Taylor's burglary and second-degree murder commitments, (32 and 180 months respectively), and assessed as aggravating circumstances the use of a weapon (knife) in the murder offense, (48 months), and his history of alcohol abuse (48 months). Upon review of its action, the Commission declined to change the PPRD, finding that Taylor's case was properly aggregated, and that the aggravating circumstances were substantiated by his institutional record. In its order denying the mandamus petition, the trial court found that there was no basis or showing of entitlement to mandamus relief. We agree that the Commission properly aggregated Taylor's expired burglary sentence with his murder sentence, pursuant to Florida Administrative Code Rule 23-21.011(3), as amended in 1983. See Scott v. Fla. Parole and Probation Comm'n, 533 So.2d 310 (Fla. 1st DCA 1988). However, in aggravating the PPRD, the Commission was unclear and imprecise in articulating valid aggravating circumstances.
In establishing a PPRD, the Commission may render a decision outside the Matrix Time Range,[1] "if the totality of the circumstances of the Present Offense of Conviction warrants [it], or if there are indicants relative to the likelihood of favorable parole outcome... ." Fla. Admin. Code Rule 23-21.009(4). The decision to aggravate a Matrix Time Range and the extent of aggravation are within the discretion of the Commission, subject to chapter 947 and rule 23-21.010. Benton v. Fla. Parole and Probation Comm'n, 418 So.2d 1127 (Fla. 1st DCA 1982). Competent and persuasive evidence relevant to the aggravating or mitigating circumstances must support the decision to score outside the Matrix Time *369 Range. Fla. Admin. Code Rule 23-21.010(1). The Commission may not aggravate based upon the element of the crime, information included in the salient factor score, information included in the severity of the offense behavior, or charges for which the inmate was acquitted. Fla. Admin. Code Rule 23-21.010(2).
Both reasons for aggravation are facially valid and supported by competent and persuasive evidence. The use of a weapon (knife) is not a statutory element of second-degree murder, nor was it included in either the salient factor or severity of the offense behavior scores. Additionally, rule 23-21.010(4)(a)2.b., permits aggravation based upon an inmate's history of alcohol abuse. The core issue is whether the Commission erred in aggravating Taylor's new PPRD based on the above factors which were previously known and documented at the time the Commission set the 1979 PPRD.
Once a PPRD is set, it becomes binding on the Commission, and it is not to be changed except for reasons of institutional conduct, acquisition of new information not available at the time of the initial interview, or good cause in exceptional circumstances. Sections 947.16(5), 947.172(3) and 947.173(3); Fla. Parole and Probation Comm'n v. Paige, 462 So.2d 817 (Fla. 1985); Fla. Parole and Probation Comm'n v. Dornau, 534 So.2d 789 (Fla. 1st DCA 1988); Jackson v. Fla. Parole and Probation Comm'n, 424 So.2d 930 (Fla. 1st DCA 1983); McKahn v. Fla. Parole and Probation Comm'n, 399 So.2d 476 (Fla. 1st DCA 1981). The Commission may not aggravate a PPRD on the basis of information it previously chose not to use, since it is not new information. Williams v. Fla. Parole and Probation Comm'n, 515 So.2d 1044 (Fla. 1st DCA 1987); Gaines v. Fla. Parole and Probation Comm'n, 463 So.2d 1181 (Fla. 4th DCA 1985).
At first blush, it appears that the Commission violated chapter 947. However, in its initial brief, the Commission argues that the significance of the use of the knife and history of alcohol abuse was not apparent when appellant's original PPRD was set in 1979, and the significance of that information became apparent only as a result of appellant's behavior while released on parole from 1984-87, citing Carr v. Fla. Parole and Probation Comm'n, 510 So.2d 995 (Fla. 1st DCA 1987). In Carr, this court upheld the Commission's rule permitting aggravation based on alcohol abuse, as consistent with § 947.165(1). 510 So.2d at 996. The Commission also contends that the continuing nature of appellant's behavior as it relates to setting the latest PPRD constitutes "good cause in exceptional circumstances" thus, authorizing modification of appellant's PPRD under § 947.173(3).[2]
If the Commission is suggesting that it aggravated Taylor's PPRD based upon an evaluation of his recent parole violations in light of information previously known and documented, we conclude that it has not erred. Such a reason is consistent with the goal of the Act in that it relates to the likelihood of favorable parole outcome and is a negative indicant of parole prognosis.
For example, the Commission stated its first aggravating circumstance in the following manner: "PSI dated 12-27-73 indicates a weapon (knife) was used in the Commission of this offense." Clearly, this reason violates § 947.16(5) because it was previously known and documented, but was not used to aggravate appellant's 1979 PPRD. However, as the Commission correctly indicates in its brief, Taylor violated his parole conditions in 1986, in part, by attacking a man with a butcher knife. If the Commission intended to rely on the 1986 incident as significant in relation to Taylor's past history of using a knife, it should have precisely stated so. Instead, it appears from the language articulated that the Commission relied solely on appellant's use of a knife in the 1973 murder offense  a fact which was previously known when it established his 1979 PPRD.
*370 In contrast, the Commission articulated its second reason for aggravation in the following manner: "Subject PSI's of 12-17-71, 12-27-73, and Form 91 dated 1-4-85 documents his history of alcohol abuse" (emphasis supplied). Form 91 is a parole violation report form, and it indicates that in December, 1984, appellant consumed alcohol and was arrested for DUI (R. 52-54). It appears then that the Commission, in aggravating appellant's latest PPRD, considered the recent parole conduct in conjunction with a past history of alcohol use.[3]
Because we are unable to determine whether the Commission intended to aggravate based on valid circumstances, and not solely information previously known and documented, we REVERSE and REMAND with directions that the trial court allow the Commission to supplement its response to the trial court's order to show cause, clarifying its reasons for aggravating Taylor's PPRD and, if necessary, the trial court should conduct an evidentiary hearing on whether the clarified reasons are valid in light of this opinion.
NIMMONS and MINER, JJ., concur.
NOTES
[1] In assessing time for incarceration, the Commission calculates the Salient Factor Score, determines the degree of felony or misdemeanor of the Present Offense of Conviction, and locates the Matrix Time Range (reported in months) where the Salient Factor Score total intersects with the Severity of Offense Behavior. Fla. Admin. Code Rule 23-21.009.

"Salient Factors are the indices of the offender's present and prior criminal behavior and related factors found by experience to be predictive in regard to parole outcome." Fla. Admin. Code Rule 23-21.002(45).
"Present Offense of Conviction means the offense or offenses resulting in conviction in a single criminal episode." Fla. Admin. Code Rule 23-21.002(35).
"Severity of Offense Behavior means the statutorily assigned degree of felony or misdemeanor for the Present Offense of Conviction." Fla. Admin. Code Rule 23-21.002(47).
[2] We reject the "good cause in exceptional circumstances" basis because it applies only when the Commission modifies a PPRD upon an inmate's request for review, which it did not do in the present case. Section 947.173, Fla. Stat. (1987).
[3] In fact, appellant was cited again for use of alcohol in the 1986 incident (R. 58-64).