PER CURIAM.
We affirm the decision of the circuit court to treat the rule 3.800(a) motion as a petition for writ of mandamus. Appellant did not show that he received an illegal sentence and his challenges to the parole statutes are properly reviewed in a mandamus petition.
However, the circuit court erred in requiring appellant to comply with section 57.085, Florida Statutes. Collateral criminal proceedings are exempt from this statute and the general indigency statute, section 57.081, Florida Statutes, applies in this case. See § 57.085(10), Fla. Stat.; Cason v. Crosby, 892 So.2d 536, 537 (Fla. 1st DCA 2005). Nevertheless, Thomas is not entitled to relief as his claims have been fully litigated more than once and are without merit. See Cal. Dep’t of Corrections v. Morales, 514 U.S. 499, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995); Paschal v. Wainwright, 738 F.2d 1173 (11th Cir.1984).
STONE, WARNER and STEVENSON, JJ., concur.