PER CURIAM.
 

 Inmate Joseph Robert Spaziano petitions for writ of certiorari from an order of the circuit court denying his petition for writ of mandamus in which he challenged respondent Florida Parole Commission’s calculation of his presumptive parole release date (PPRD). He also seeks review of the circuit court’s order imposing a lien on his inmate trust account to recover appellate filing costs. We deny the petition insofar as it relates to the order denying his claims as to the calculation of his PPRD, but grant it pertaining to review of the order imposing a lien on his inmate trust account.
 

 Before addressing the merits of the petition, we turn first to respondent’s argument that Spaziano did not timely file his petition, because he sought review only of the February 2004 Commission order establishing his PPRD, which merely reaffirmed the prior 1999 Commission action, from which he failed to seek review. As a consequence, the Commission argues that the present petition is untimely and barred by the doctrine of
 
 laches.
 
 We cannot agree. As this court noted in
 
 Johnson v. Florida Parole Commission,
 
 841 So.2d 615, 617 (Fla. 1st DCA 2003), the question of the timeliness of an inmate’s petition as directed to the establishment of a PPRD must be raised by the affirmative defense of
 
 laches.
 
 To prevail on a
 
 laches
 
 defense, the Commission must show that petitioner’s delay in challenging his PPRD was unreasonable, and the Commission was unreasonably prejudiced in responding to the petitioner’s claim.
 
 See McCray v. State,
 
 
 *579
 
 699 So.2d 1366, 1368 (Fla.1997). In the present case, the circuit court ruled on the merits of the mandamus petition, without addressing the
 
 laches
 
 defense, and the Commission has failed to assert that petitioner’s alleged delay in attacking the PPRD has prejudiced its ability to respond to the claims. Accordingly, we reject its untimeliness objection.
 

 We similarly reject petitioner’s claim that he was denied due process of law by the circuit court’s refusal to conduct a hearing on his mandamus petition. Among other things, petitioner contends that he filed the petition pursuant to Florida Rule of Civil Procedure 1.630, which governs mandamus actions in the circuit court, and, in that it is an original proceeding, it served as a legal substitute for a plenary appeal, entitling him to an oral argument. We reject this argument. As the court commentary to rule 1.630 observes: “[T]he general nature of the procedure is appellate and presumes that the proceeding is basically an appellate proceeding.”
 

 Because, as petitioner acknowledges, his mandamus petition functioned as an appeal from Commission action, and the procedure provided is in the nature of an appellate proceeding, he is not entitled to oral argument in such proceeding. Instead, oral argument “may be permitted,”
 
 see
 
 Florida Rule of Appellate Procedure 9.320, if the court believes oral argument would aid it in understanding the issues. At no time did petitioner file a separate request for oral argument in regard to his mandamus petition. We therefore conclude the failure of the circuit court to conduct a hearing on the mandamus petition does not constitute a violation of a clearly established principle of law resulting in a miscarriage of justice, which is an essential predicate for certiorari relief.
 
 See Tedder v. Fla. Parole Comm’n,
 
 842 So.2d 1022, 1024 (Fla. 1st DCA 2003).
 

 Turning to the merits of petitioner’s challenge to the Commission’s establishment of his PPRD, because the challenge is founded in large measure on a lack of evidentiary support for the reasons given, we find the need to reiterate the basis of our review standard, which is not that applied to a direct appeal of a Commission order, as had formerly existed under the Florida Administrative Procedure Act,
 
 see Daniels v. Florida Parole and Probation Commission,
 
 401 So.2d 1351 (Fla. 1st DCA 1981), but is instead one for certiorari review directed to the order of the circuit court denying the petition for mandamus. Thus, our “[rjeview of a circuit court’s denial of a petition for writ of mandamus, when sitting in its appellate capacity, is limited to whether the circuit court afforded due process and observed the essential requirements of law.”
 
 Frederick v. David,
 
 926 So.2d 409 (Fla. 1st DCA 2006).
 
 Accord Sheley v. Fla. Parole Comm’n,
 
 703 So.2d 1202, 1206 (Fla. 1st DCA 1997).
 

 Our examination of the record discloses that on August 13, 1975, petitioner was convicted in the Circuit Court of Orange County, Florida, of two offenses: forcible carnal knowledge and aggravated battery. He received a life sentence as to the former offense, and a consecutive five-year sentence for aggravated battery. In 1976, in Seminole County, petitioner was convicted of first-degree murder and sentenced to death. Subsequently, based on newly discovered evidence, the judgment and sentence for murder were vacated and, in November 1998, petitioner entered a
 
 nolo contendere
 
 plea to the lesser offense of second-degree murder, for which he received a 23-year sentence, with credit applied for all of the time previously served on the first-degree murder conviction.
 

 
 *580
 
 On March 18, 1999, the Commission set a PPRD of April 28, 2060, which included a salient-factor score of 180 months, the maximum matrix time range for the primary conviction of forcible carnal knowledge, which is that assigned for a level-five offense-severity designation. The salient-factor score was increased by adding 840 months based on five aggravating factors. Petitioner contends the reasons provided for each of the five factors are not supported by the record.
 

 First, the Commission added 120 months for the consecutive five-year sentence for aggravated battery as a multiple separate offense to that of forcible carnal knowledge, without regard to the fact that the maximum matrix time range for an aggravation of a third-degree felony
 
 [1]
 
 was 48 to 64 months. Although the 120-month assessment was in excess of the maximum matrix time range for a third-degree felony, the Commission rules permit aggravations in excess of the matrix time range when, among other things, “[t]he offense involved multiple separate offenses.”
 
 See
 
 Fla. Admin. Code R. 23-21.010(5)(a)l.h. The five-year consecutive sentence is clearly a multiple separate offense to the primary offense of forcible carnal knowledge.
 
 See
 
 Fla. Admin. Code R. 23-21.008.
 

 While the amount of the aggravation is considerably in excess of the maximum amount of aggravation provided by the Commission’s rule, the aggravation is not based upon an illegal ground or improper consideration.
 
 See Fla. Parole Comm’n v. Huckelbury,
 
 903 So.2d 977, 978 (Fla. 1st DCA),
 
 review denied,
 
 913 So.2d 596 (Fla.2005). As a consequence, petitioner has failed to demonstrate that the circuit court’s ruling as to factor one constitutes a departure from the essential requirements of law.
 

 The Commission also added 180 months based on petitioner’s second-degree murder conviction, with the following explanation: “Multiple Separate Offense,” and included a reference to the Seminole County murder conviction. Petitioner argues that the facts underlying the reason do not support it, because he had completed his sentence for second-degree murder when he was sentenced for such crime on November 6, 1998, by application of the credit given him. Moreover, he argues the conviction for second-degree murder in Seminole County was a totally separate and distinct conviction from those occurring in Orange County for the offenses of forcible carnal knowledge and aggravated battery. In fact, petitioner’s murder offense occurred approximately six months before those for which he was prosecuted in Orange County. As a consequence, he continues, the 180-month aggravating factor must be vacated because the second-degree murder conviction cannot be deemed a multiple separate offense. Neither, he concludes, can the aggravation be justified by any other theory, such as prior criminal record.
 

 Although we agree with petitioner that the record does not support the reason given by the Commission, we do not agree that the factor must be eliminated. While the Commission did not give as a reason for the aggravation that the conviction for second-degree murder is a concurrent conviction, it now argues that such factor can be justified on such basis. The failure of the record to support the reason given by the Commission does not undermine the validity of the aggravation if the
 
 *581
 
 explanation is “adequate to afford an inmate insight into why his term to be served was aggravated beyond the matrix range.”
 
 Baker v. Fla. Parole & Prob. Comm’n,
 
 384 So.2d 746, 748 (Fla. 1st DCA 1980). This rule mirrors that of the Commission, which recognizes that the examples listed for aggravation are not all-inclusive, and that the Commission is not limited by them in deciding to aggravate, “as long as a written explanation of the factor is provided to the inmate.” Fla. Admin. Code R. 23-21.010(5). In the present case, it clearly appears that the Commission was relying upon petitioner’s conviction for the offense of second-degree murder, which, while not explicitly designated as such, was a concurrent sentence to that previously imposed for the forcible carnal knowledge. It was, moreover, one which resulted in great bodily harm to the victim, and, as such, could be aggravated.
 
 See
 
 Fla. Admin. Code R. 23-21.010(5)(a)l.b. Therefore, we conclude the trial court did not depart from the essential requirements of law in refusing to grant relief as to factor two.
 

 The Commission also assessed 60 months in regard to factor three, explaining that petitioner had “a documented history of escalating or violent behavior.” Petitioner argues that there is no documented history of such behavior in that the Commission relied on a 1963 conviction for third-degree assault and the second-degree murder conviction, which, because they were used in calculating the salient factor score, cannot be used as an aggravating factor. Fla. Admin. Code R. 23-21.010(2)(b). In addition, the Commission relied upon conduct reports from 1978 and 1980, relating to his bad conduct during his incarceration. Petitioner argues those reports are stale and fail to show an escalating pattern of violent behavior; thus, this factor must be stricken.
 

 Again, we cannot agree. Although the record does not support the Commission’s reason of escalating, violent behavior, meaning a progression from non-violent to violent crimes, a progression of increasingly violent crimes, or a pattern of increasingly serious activity,
 
 see Ewell v. State,
 
 852 So.2d 436, 437 (Fla. 5th DCA 2003), it does reflect a history of violent behavior. Because the reason given was couched in conjunctive terms, we conclude that petitioner has failed to demonstrate that the trial court’s ruling as to the factor-three aggravation constitutes a departure from the essential requirements of law.
 

 As to factor four, imposing 240 months in aggravation, the Commission gave as the reason: “The offender has a history of poor institutional conduct and continued assaultive behavior as evidenced by eight processed disciplinary reports, including the armed assault of two correctional officers on one occasion and threatening to kill a correctional officer on another occasion.” Petitioner assails this factor as being unsupported by the record because the record fails to show he received a disciplinary report from the Department of Corrections from 1991, until his 2004 review; therefore, the 240-month aggravator should be vacated because the Commission’s reason is stale and inadequate.
 

 Once again, we cannot agree. Whether the information the Commission relied upon could be deemed stale is beside the point. As the Commission responds in its argument, it considers
 
 all
 
 of petitioner’s institutional conduct throughout his entire incarceration. As this court observed in
 
 Benton v. Florida Parole and Probation Commission,
 
 418 So.2d 1127, 1128 (Fla. 1st DCA 1982), a decision to aggravate an inmate beyond his matrix time range is within the Commission’s discretion, subject only to the limitations of section 947.172,
 
 *582
 
 Florida Statutes, governing the establishment of PPRDs, and rule 23-21.010, pertaining to the Commission’s decisions outside the matrix time range. In that there is no specific prohibition in either the statute or the rule for the reason given, we cannot conclude that the court departed from the essential requirements of law in denying relief as to this particular claim.
 

 In regard to factor five, the Commission assessed 240 months in aggravation, giving as its reason that the offense of forcible carnal knowledge was particularly heinous and cruel in that after petitioner committed the offense, he threatened the 16-year-old victim with a knife and choked her unconscious with her own belt. Petitioner argues that the reasons given are not supported by the record; that the victim instead testified that petitioner had “knocked her around,” and had choked her to unconsciousness by placing a belt around her neck, but that the remainder of the reasons given for the aggravation were contrary to the victim’s sworn testimony. Our review of the record shows that petitioner required the victim to engage in a sexual act, and then choked her into unconsciousness. Although there is nothing in the record disclosing that petitioner himself committed the other behavior the Commission recited, it is nonetheless undisputed that petitioner participated with and aided another person in committing the crime. In our judgment, the record adequately supports the reason given.
 

 We do, however, agree that the lower court departed from the essential requirements of law by denying petitioner’s motion for relief from the order imposing a lien on his prison trust account for the purpose of covering his appellate costs. In our judgment, a petition for writ of mandamus challenging a PPRD is a “collateral criminal proceeding.” In
 
 Schmidt v. Crusoe,
 
 878 So.2d 361, 367 (Fla.2003), the supreme court concluded “that a gain time challenge is analogous to a collateral challenge to a sentence in a criminal proceeding because the end result is the same — the inmate’s time in prison is directly affected.” Under such circumstances, the general indigency statute, section 57.01, Florida Statutes, applies.
 

 Although this court has not specifically addressed the question whether the collateral criminal proceeding exclusion from the imposition of a lien on a prisoner’s trust account applies to challenges to actions of the Parole Commission, the Fourth District Court of Appeal in
 
 Thomas v. State,
 
 904 So.2d 502 (Fla. 4th DCA 2005), has.
 
 Thomas
 
 decided that a mandamus challenge to the parole statutes is a collateral criminal proceeding exempt from the section 57.085, Florida Statutes, prison lien provision. We are of the same opinion.
 

 The test adopted in
 
 Schmidt
 
 for treatment of an action as a collateral criminal proceeding for the purpose of the exemption from the prisoner indigency lien provision is whether the action affects the length of time an inmate will actually serve in prison. In our judgment, a mandamus petition seeking the correct calculation of a prisoner’s PPRD is analogous to an action raising a gain time issue, because a PPRD imposed outside the maximum matrix time range for a specific offense clearly affects the length of time an inmate will spend in prison. Accordingly, we conclude the trial court departed from the essential requirements of law in denying petitioner’s motion to vacate the lien on his inmate trust account. However, we certify to the supreme court the question previously certified by another panel of this court in
 
 Cox v. Crosby,
 
 27 So.2d 45 (Fla. 1st DCA 2006),
 
 rev. granted sub nom. McDonough v. Cox,
 
 924 So.2d 809 (Fla.2006).
 

 
 *583
 
 The petition for certiorari is
 

 GRANTED IN PART AND DENIED IN PART.
 

 ERVIN and WOLF, JJ., concur; DAVIS, J., concurs in result only.
 

 [1]
 

 . Aggravated battery was classified a third-degree felony at the time petitioner committed the offense in 1974.