949 So.2d 1106 (2007)
Dennis W. TURNER, Petitioner,
v.
James R. McDONOUGH, Secretary, Florida Department of Corrections, Respondent.
No. 1D06-3090.
District Court of Appeal of Florida, First District.
February 14, 2007.
Dennis W. Turner, pro se, Petitioner.
Bill McCollum, Attorney General, Anthony Miller, Acting General Counsel, and Chris Korn, Assistant General Counsel, Tallahassee, for Respondent.
*1107 PER CURIAM.
Dennis W. Turner seeks review of the circuit court's denial of his petition for writ of mandamus and of the denial of his motion to vacate the lien placed on his inmate trust account. The mandamus petition challenged respondent's gain-time forfeiture after Mr. Turner's probation was revoked. We deny his petition for writ of certiorari, insofar as it challenges the denial of the petition for writ of mandamus filed in circuit court. See Eldridge v. Moore, 760 So.2d 888, 890-91 (Fla.2000); Singletary v. Jones, 681 So.2d 836, 837 (Fla. 1st DCA 1996).
As the State concedes, however, the trial court erred in denying the motion to vacate the lien placed on his inmate trust account insofar as the motion seeks reimbursement. See Schmidt v. Crusoe, 878 So.2d 361, 367 (Fla.2003). The Florida Supreme Court explained that the purpose of the enactment of section 57.085, Florida Statutes, was "to discourage the filing of frivolous civil lawsuits, but not to prevent the filing of claims contesting the computation of criminal sentences." Schmidt, 878 So.2d at 366. The court below refused to vacate the lien on two grounds: the court found that the issue was moot because the lien had been paid in full; and the court found that reliance on Schmidt was misplaced because the mandamus petition involved gain-time lost, not as a result of a disciplinary proceeding, but as a result of revocation of Mr. Turner's probation. Schmidt does not distinguish, however, between gain-time lost as a result of a disciplinary proceeding and gain-time forfeited for other reasons.
The court in Schmidt made it clear that what makes the proceeding a collateral challenge in which no lien is authorized is the effect the challenged action has on the petitioner's sentence.
It is clear that the Supreme Court has refused to be bound by the variations in terminology used in the various challenges to the computation of an inmate's sentence. Instead, it has looked to the effect the challenged action had on the amount of time an inmate has to actually spend in prison. . . . [T]hus, we conclude that a gain time challenge is analogous to a collateral challenge to a sentence in a criminal proceeding because the end result is the samethe inmate's time in prison is directly affected.

Id. at 367 (emphasis supplied). Gain-time forfeiture lengthens the time in prison regardless of the reason for the forfeiture. Thus, the rule in Schmidt applies when gain-time is forfeited, regardless of the reason for the forfeiture, and the court erred in refusing to cancel the lien and order reimbursement.
If a lien is erroneously placed on an inmate's account, the inmate is entitled to removal of the lien and reimbursement of the funds that were withdrawn from the account to satisfy the lien. See, e.g., Marquez v. McDonough, 945 So.2d 652, 653 (Fla. 1st DCA 2007). Until and unless the funds are reimbursed, the matter is not moot. Accordingly, the petition for writ of certiorari is granted "insofar as it seeks relief from the unauthorized lien." Id. We vacate the order placing a lien on Mr. Turner's inmate account, and we "remand for entry of an order directing the reimbursement of those funds withdrawn from his account pursuant to the lien." Id.
The petition for writ of certiorari is otherwise denied.
DAVIS, BENTON, and ROBERTS, JJ., concur.