958 So.2d 1131 (2007)
Thomas ROWLIE, Petitioner,
v.
FLORIDA PAROLE COMMISSION, Respondent.
No. 1D06-6375.
District Court of Appeal of Florida, First District.
June 27, 2007.
Thomas Rowlie, Petitioner, pro se.
Kim Fluharty, General Counsel, and Bradley R. Bischoff, Assistant General Counsel, Florida Parole Commission, Tallahassee, for Respondent.
*1132 PER CURIAM.
Petitioner seeks review of the circuit court's order denying his petition for writ of mandamus, and refusing to remove a lien on his inmate trust account imposed to recover circuit court costs and fees. The mandamus petition challenged the Florida Parole Commission's suspension of petitioner's presumptive parole release date. We deny his petition for writ of certiorari, insofar as it challenges denial of the petition for writ of mandamus filed in circuit court.
However, the action in the circuit court was a collateral criminal proceeding pursuant to Spaziano v. Florida Parole Commission, ___ So.2d ___, 2006 WL 1565289 (Fla. 1st DCA June 9, 2006). See also Brooks v. Fla. Parole Comm'n, 948 So.2d 801 (Fla. 1st DCA 2006) (citing Spaziano and holding that the petition for writ of mandamus challenging the Commission's decision to suspend the petitioner's presumptive parole release date is a collateral criminal proceeding, and that the prison indigency lien provision does not apply). Although the circuit court agreed that the current state of the law precluded the imposition of a lien on petitioner's trust account, the court refused to vacate the lien on the ground that the issue was moot because petitioner's filing fees had already been paid in full. This court has previously ruled that "[i]f a lien is erroneously placed on an inmate's account, the inmate is entitled to removal of the lien and reimbursement of the funds that were withdrawn from the account to satisfy the lien. Until and unless the funds are reimbursed, the matter is not moot." Turner v. McDonough, 949 So.2d 1106, 1107 (Fla. 1st DCA 2007) (citation omitted).
Accordingly, the petition for writ of certiorari is granted insofar as it seeks relief from an unauthorized lien. We vacate the order placing a lien on petitioner's inmate trust account, and remand for entry of an order directing the reimbursement of those funds withdrawn from his account pursuant to the lien. The petition for writ of certiorari is otherwise denied.
ALLEN, WOLF, and POLSTON, JJ., concur.