965 So.2d 1276 (2007)
Hobart Owen HARRISON, Petitioner,
v.
DEPARTMENT OF CORRECTIONS, et al., Respondents.
No. 1D06-3915.
District Court of Appeal of Florida, First District.
October 15, 2007.
Hobart Owen Harrison, pro se, Petitioner.
*1277 Kathleen Von Hoene, General Counsel, and Beverly Brewster, Assistant General Counsel, Florida Department of Corrections, Tallahassee; Kim M. Fluharty, General Counsel, and Bradley R. Bischoff, Assistant General Counsel, Florida Parole Commission, Tallahassee, for Respondents.
PER CURIAM.
Petitioner's argument that the circuit court erred in denying his petition for writ of mandamus is without merit and is rejected; however, because the underlying action constitutes a "collateral criminal proceeding" pursuant to section 57.085(10), Florida Statutes (2005), the circuit court improperly imposed a lien upon petitioner's inmate trust account for payment of court costs and fees. See Brooks v. Florida Parole Comm'n, 948 So.2d 801 (Fla. 1st DCA 2006); Spaziano v. Florida Parole Comm'n, 31 Fla. L. Weekly D1597, ___ So.2d ___, 2006 WL 1565289 (Fla. 1st DCA June 9, 2006); Cox v. Crosby, 31 Fla. L. Weekly D310, ___ So.2d ___, 2006 WL 176681 (Fla. 1st DCA Jan.26, 2006), rev. granted sub nom., McDonough v. Cox, 924 So.2d 809 (Fla.2006); see also Schmidt v. Crusoe, 878 So.2d 361 (Fla.2003). We accordingly quash that portion of the circuit court's order on indigency imposing a lien. The circuit court should direct the reimbursement of any funds that have been withdrawn from petitioner's account to satisfy the improper lien order.
The petition for writ of certiorari is DENIED in part, GRANTED in part and REMANDED with directions to remove the lien from petitioner's inmate trust account.
ALLEN, VAN NORTWICK, and ROBERTS, JJ., concur.