BROWNING, C.J.
Appellant appeals the denial, on grounds of untimeliness, of her mandamus petition challenging the repercussions of a finding of contraband under her mattress in Broward Correctional Institution. Because she has been released from incarceration, we affirm the ruling as to gaintime and the dismissal of her disciplinary report because those issues are moot in light of her recent release from incarceration. See Mims-Smith v. Singletary, 719 So.2d 377 (Fla. 3d DCA 1998). However, we reverse the imposition of two liens by the circuit court, the first upon her filing of the mandamus petition, and the second upon her appeal of the ruling on that petition.
Neither lien should have been imposed because the mandamus petition com- *462 meneed a collateral criminal proceeding, and Appellee concedes the liens were incorrectly imposed. See Schmidt v. Crusoe, 878 So.2d 361 (Fla.2003). Nor does Appellant’s release from incarceration affect her standing to challenge such liens. Cf. Rowlie v. Fla. Parole Comm’n, 958 So.2d 1131 (Fla. 1st DCA 2007) (holding that claim for reimbursement of fees in collateral criminal proceeding was not moot when fees had been paid in full).
Accordingly, we AFFIRM IN PART AND REVERSE IN PART. We remand with directions that the circuit court order the Department of Corrections to dissolve both liens and direct reimbursement of any monies paid towards either lien.
BARFIELD and BENTON, JJ„ concur.