984 So.2d 575 (2008)
Orestes RODRIGUEZ, Petitioner,
v.
FLORIDA PAROLE COMMISSION, Respondent.
No. 1D07-5924.
District Court of Appeal of Florida, First District.
May 27, 2008.
Rehearing Denied July 2, 2008.
Orestes Rodriguez, pro se, Petitioner.
Kim Fluharty, General Counsel, and Sarah J. Rumph, Assistant General Counsel, Florida Parole Commission, Tallahassee, for Respondent.
PER CURIAM.
Orestes Rodriguez seeks review of an order of the circuit court denying his petition for writ of mandamus, in which he challenged the Parole Commission's computation of his presumptive parole release date.
Of the four arguments presented by petitioner, we find merit in two. First, Rodriguez is correct in his assertion that the Commission erred in assessing a salient factor score of one point, based on a finding that he was between 18-25 years of age at the time of the offense which led to his first incarceration. The Parole Commission assessed this point based on the fact that Rodriguez was 23 years old at the time he committed the offense for which he is presently incarcerated. Petitioner asserts and the Parole Commission does not dispute that he has no prior criminal record that resulted in incarceration. As we held in Battis v. Florida Parole Commission, 386 So.2d 295 (Fla. 1st DCA 1980), where that is the case, the appropriate score is zero points, since under the *576 Commission's rules, the salient factor at issue is to be "calculated on the inmate's criminal record." See Fla. Admin. Code R. 23-21.007.
Secondly, we likewise concur with petitioner that the Commission failed to demonstrate the existence of sufficient evidence to justify its determination that additional aggravation was warranted based on the conclusion that petitioner committed his offense for pecuniary gain. Under rule 23-21.010(1), the Commission may render a decision outside the matrix time range based on "any competent and persuasive evidence relevant to aggravating or mitigating circumstances. . . ." See also Taylor v. Florida Parole and Prob. Comm'n, 543 So.2d 367 (Fla. 1st DCA 1989) (competent and persuasive evidence relevant to the aggravating or mitigating circumstances must support the decision to score outside the matrix time). Here, the sole evidence relied upon by the Commission is the statement of a prosecutor made more than 20 years after the offense to the effect that it is her opinion that petitioner believed the murder of the victim, a co-worker, would result in petitioner's promotion to the position occupied by the victim. Although the prosecutor testified to this view at the Commission's hearing at which petitioner's PPRD was established, the evidentiary basis for the prosecutor's conclusion was not identified, nor does there otherwise appear to be any evidence in the record to support this finding. We thus conclude that based on the record before us, the evidence to support this aggravating factor failed to satisfy the competent and persuasive evidence standard.
Accordingly, the petition for writ of certiorari is granted, the circuit court's order denying mandamus relief is quashed, and the matter is remanded for further proceedings consistent herewith.
WOLF, THOMAS, and ROBERTS, JJ., concur.